J-S73042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC WRIGHT, | : | |
| | : | |
| Appellant | : | No. 1067 MDA 2014 |

Appeal from the PCRA Order entered on June 11, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0002925-2009

BEFORE: BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 22, 2014**

Eric Wright ("Wright"), *pro se*, appeals the Order dismissing his

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We affirm.

The PCRA court set forth the relevant procedural history in its Opinion,

which we also adopt for purposes of this appeal. **See** PCRA Court Opinion,

7/29/14, at 1-2.[2]

On appeal, Wright raises the following issues for our review:

1. Did the PCRA court abuse its discretion when it failed to
   reason that [Wright's trial] counsel [Kevin Feeney, Esquire
   ("Attorney Feeney"),] erred when [he] did not seek

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Additionally, this Court set forth a more thorough discussion of the factual
and procedural history underlying this appeal in its Memorandum. **See**
**Commonwealth v. Wright**, 34 A.3d 239 (Pa. Super. 2011) (unpublished
memorandum at 2-9).

suppression on the grounds that the law was improperly applied to the facts in this case, and that[,] more specifically, the correct application of the law would have rendered the entry into [Wright's] home unlawful?

2. Did the PCRA court abuse its discretion when it reasoned that [Wright's] claim that the law was improperly applied to the facts (regarding the entry of the home) was previously litigated?

3. Did the PCRA court abuse its discretion when it failed to reason that [Attorney Feeney] erred in failing to seek suppression on the grounds that entry into [Wright's] home was a direct result of unlawful police conduct (an illegal arrest and seizure) and, therefore, unconstitutional?

Brief for Appellant at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

As Wright's first two claims are related, we will address them together. Wright contends that Pennsylvania courts have not addressed the role that anonymous tips play in establishing "reasonable belief" regarding a fugitive's residence. Brief for Appellant at 9. Wright cites to federal case law on the issue, and claims that under federal law, substantial evidence is needed to establish "reasonable belief" regarding a fugitive's residence. *Id*. at 9-10. Wright asserts that (1) the anonymous tipster was never identified; and (2) there is no evidence that the task force made any effort to verify that the

- 2 -

address given by the anonymous tipster was in any way connected with the person named in the warrant, Jerral Spencer ("Spencer"). *Id*. at 10. Wright asserts that a determination was made in his prior appeal that Attorney Feeney was ineffective for failing to raise or preserve the issue of whether the anonymous tip was corroborated when agents saw Spencer inside of Wright's home.[3] *Id*. Wright claims that, without a reasonable belief that Spencer was a resident of Wright's home, "the Court" should have applied *Steagald v. United States*, 451 U.S. 204 (1981), rather than applying *Payton v. New York*, 445 U.S. 573 (1980). Brief for Appellant at 11. Wright asserts that proper application of controlling case law would have rendered the entry into his home unlawful, because it was without consent, exigent circumstances or a search warrant. *Id*. Wright asserts that, had Attorney Feeney raised the issue at the suppression hearing or properly preserved it before during or after trial, all evidence recovered after the unlawful entry would have been suppressed. *Id*.

---

[3] Wright misconstrues our holding in his direct appeal. We concluded then, and again conclude herein, that despite Wright's attempts to characterize his claim as an improper application of the law, his claim is, in fact, that the trial court made an improper *factual determination* that Agent Switek viewed Spencer inside Wright's apartment from a lawful vantage point. *See Wright*, 34 A.3d 239 (unpublished memorandum at 17) (applying *Payton* based on the trial court's factual determination). We noted in Wright's direct appeal that, because he had not challenged the trial court's factual determination, it was waived on appeal. *See id*. We further noted that, even if this claim had been properly preserved, it lacked merit because the trial court's factual determination was supported by the record. *See id*. at 17-19.

Additionally, Wright contends that the PCRA court erred by concluding that this issue was previously addressed by this Court in Wright's direct appeal. *Id*. Wright contends that his prior appeal raised the question of whether Parole Agent Jan Switek ("Agent Switek") had observed Spencer from a lawful vantage point, and has nothing to do with his current claim of ineffective assistance "based on counsel's failure to attempt to compel the Court to properly apply the holding in *Steagald* as the controlling case." *Id*. at 11-12.

Although Wright does not indicate in his appellate brief which "court" applied the wrong case law, our review of the record indicates that, when the trial court denied Wright's Omnibus Pretrial Motion, Amended Omnibus Pretrial Motion and his Motion for Post-Trial Relief, it did not discuss or apply either *Payton* or *Steagald*. However, in Wright's direct appeal, a panel of this Court thoroughly discussed the holdings in *Steagald* and *Payton*, before concluding that *Payton* applied to the factual findings made by the trial court. *See Wright*, 34 A.3d 239 (unpublished memorandum at 12-20).

The PCRA is not a forum to raise claims that have already been fully litigated. *See* 42 Pa.C.S.A. § 9544(a)(2). Insofar as Wright claims the trial court erred in making its factual determination that Agent Switek observed Spencer from a lawful vantage point, thereby necessitating the application of *Payton* rather than *Steagald*, this Court, on direct appeal, thoroughly addressed this claim and found it to be without merit. *See Wright*, 34 A.3d

239 (unpublished memorandum at 12-20). Because this claim has been fully litigated, it is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9544(a)(2).

Moreover, Attorney Feeney cannot be deemed to be ineffective. To succeed on an ineffectiveness claim, appellant must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Our review of the record indicates that Attorney Feeney raised this issue before and after trial. *See Wright*, 34 A.3d 239 (Pa. Super. 2011) (unpublished memorandum at 7, 9). Thus, he cannot be deemed ineffective for failing to do what the record reflects he, in fact, did. Finally, even if Attorney Feeney had not raised this issue before the trial court, he could not be deemed ineffective for failing to raise an issue that this Court has already concluded lacks merit. *See Commonwealth v. Tilley*, 595 A.2d 575, 587 (Pa. 1991) (stating that "counsel can never be found ineffective for having elected not to raise a meritless claim."). Accordingly, we conclude that Wright's first two claims lack merit.

Wright's third issue was not raised in his Concise Statement of Errors Complained of on Appeal, or in his Amended Concise Statement of Errors Complained of on Appeal.  Therefore, he failed to preserve this issue for our review.  *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (stating that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2014

COMMONWEALTH OF PENNSYLVANIA   :  IN THE COURT OF COMMON PLEAS
                                           :  OF BERKS COUNTY, PENNSYLVANIA
                                           :  CRIMINAL DIVISION
                     v.               :
                                           :  No. CP-06-CR-2925-2009
ERIC D. WRIGHT,                 :  Superior Court No. 1067 MDA 2014
             Appellant       :  LUDGATE, S.J.

Jason C. Glessner, Esquire, ADA
Kevin Feeney, Esquire, Trial and Appellate counsel for Defendant
Lara Glenn Hoffert, Esquire, PCRA counsel for Defendant
Eric D. Wright, *pro se*

**MEMORANDUM OPINION    LUDGATE, S.J.**                 **Dated: July 29, 2014.**

Before the Court is the appeal of Eric D. Wright [Appellant], *pro se*, from our Order of June 11, 2014, which denied his request for relief under the Post Conviction Relief Act (PCRA).

Following a non-jury trial on September 24, 2010, Appellant was found guilty of Possession with Intent to Deliver a Controlled Substance, 35 Pa.C.S.A. § 780-113(a)(30); Possession of Drug Paraphernalia, 35 Pa.C.S.A. § 780-113(a)(32); Possession of a Firearm with Altered Manufacturer's Number, 18 Pa.C.S.A. § 6110.2(a); and Possession of Unlawful Body Armor, 18 Pa.C.S.A. § 907(c). On September 29, 2010, Appellant was found guilty, following a non-jury trial before the undersigned, of the severed count of Persons Not to Possess Firearms, 18 Pa.C.S.A. § 6105(a)(1). On that same date, this Court sentenced Appellant to an aggregate term of ten (10) years to twenty (20) years of incarceration plus a $ 15,000 fine.

Subsequently, on October 6, 2010, Appellant, through his attorney, Kevin Feeney, Esquire, filed timely post-sentence motions, which we denied on October 7, 2010. Trial counsel filed a timely Notice of Appeal to the Superior Court. In a memorandum decision dated September 27, 2011, the Superior Court affirmed the sentence in part and vacated in part, remanding the matter to the trial court to determine if Appellant is able to pay the fine imposed. *See* **Commonwealth v. Eric Wright, 1781 MDA 2010.** Appellant filed a Petition for

1

Allowance of Appeal with the Supreme Court of Pennsylvania, which was denied on May 10, 2012. On September 5, 2012, an Amended Sentence Order was entered by this Court lowering Appellant's fine from $ 15,000.00 to $ 100.00. Appellant's judgment of sentence became final on August 8, 2012.

On July 6, 2013, Appellant filed his first *pro se* Petition for Post-Conviction Collateral Relief pursuant to **42 Pa.C.S.A. § 9541** *et. seq.* On July 17, 2013, Lara Glenn Hoffert, Esquire, was appointed by this Court as PCRA counsel to represent Appellant in all proceedings regarding the disposition of his PCRA petition. Attorney Hoffert was granted thirty (30) days to file an amended petition under the Post-Conviction Collateral Relief Act or, in the alternative, to file a "No Merit" letter pursuant to **Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988)** and **Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988)**, detailing the reasons why this Court should allow counsel to withdraw. After being given extensions, on February 28, 2014, Attorney Hoffert filed a "No Merit" letter under **Turner** and **Finley**, *supra*, as well as a Petition for Leave to Withdraw as Counsel. She was permitted to withdraw on March 28, 2014. After an independent review of the record, on April 14, 2014, we gave Appellant Notice of our intent to dismiss his PCRA petition without a hearing pursuant to **Pa.R.Crim.P. 907(1).** On April 28, 2014, Appellant filed a response to the Notice. Upon review of his response and the pertinent caselaw, on June 11, 2014, we dismissed his petition without a hearing. On June 23, 2014, Appellant filed a Notice of Appeal to the Superior Court. On June 24, 2014, we ordered Appellant to file a concise statement of the errors complained of on appeal, which he filed on July 7, 2014.

In his concise statement, Appellant asserts:

a. "The court abused it's [sic] discretion when it failed to reason that counsel erred when it did not seek suppression on the grounds that the law was improperly applied to the facts in this case. More specifically, the correct application of the law would have render [sic] the entry into the appellant's home unconstitutional because it was without a search warrant.

b. The court abused it's [sic] discretion when it failed to reason that counsel erred in failing to seek suppression on the grounds that the entrance into the Defendant's (Appellant's) home was a direct result of unlawful police conduct and, therefore, unconstitutional."

Appellant amended his concise statement on July 21, 2014 to include these issues:

a. "PCRA court abused it's [sic] discretion when it failed to reason that petitioner's pcra counsel was ineffective for not raising the petitioner's claims about the trial counsels [sic] ineffectiveness as held in Martinez v. Ryan, 132 S.CT. 1309 (2012).

b. PCRA court abused it's [sic] discretion when it reasoned that the Appellant's claim that the law was improperly applied to the facts (regarding the entrance of the home) was previously litigated."

To begin, we note that the standard of review of an order denying a PCRA petition is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lambert**, **57 A.3d 645, 647 (Pa.Super.2012)**. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. **Commonwealth v. Colavita, 993 A.2d 874, 886 (Pa.2010)**.

To be eligible for PCRA relief, Appellant had to prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated circumstances found at **42 Pa.C.S. § 9543(a)(2)** (listing, *inter alia*, the ineffective assistance of counsel). Further, Appellant had to demonstrate that the issues raised in his PCRA petition have not been

3

previously litigated or waived. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." § 9544(a)(2). A PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." § 9544(b).

In his appeal from the denial of PCRA relief, Appellant now raises four issues, challenging the effectiveness of trial counsel and PCRA counsel. It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. **Strickland v. Washington**, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court of Pennsylvania has characterized the Strickland standard as tripartite, by dividing the performance element into distinct parts. **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975 (1987). Thus, to prove counsel ineffective, Appellant must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) Appellant was prejudiced by counsel's act or omission. Id. at 975.

Relating to the prejudice prong of the ineffectiveness test, the PCRA petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." **Commonwealth v. Ly**, 980 A.2d 61, 73 (Pa.2009). Particularly relevant herein, it is well-settled that "a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the Strickland test, the court may proceed to that element first." **Commonwealth v. Koehler**, 36 A.3d 121, 131 -132 (Pa.2012). (*citing* **Commonwealth v. Lesko**, 15 A.3d 345, 374 (Pa.2011) (internal citations omitted). Additionally, counsel

4

obviously cannot be deemed ineffective for failing to raise a meritless claim. **Commonwealth v. Robinson, 82 A.3d 998, 1005 (Pa.2013)**(citation omitted).

Appellant's initial claim failed because, first, it has been previously litigated and, thus, he is not eligible for relief. **42 Pa.C.S.A. §9543(a)(3)**. The PCRA provides that to be entitled to relief, a petitioner must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in Section 9543(a)(2), and his claims have not been previously litigated or waived. **42 Pa.C.S. §9543(a)(2)**. An issue is previously litigated if "the highest appellate court in which [the appellant] could have had review as a matter of right has ruled on the merits of the issue." **42 Pa.C.S. §9544(a)(2); Wright, supra, 1781 MDA 2010, at 10-21; Commonwealth v. Weiss, 81 A.3d 767, 782 (Pa.2013)**. The Superior Court addressed the issue of the anonymous tip and found that there was sufficient evidence for the court to find that Supervisor Switek observed Mr. Spencer from a lawful vantage point. So, this issue was previously litigated and the Superior Court has ruled on the merits of the issue. **Wright, supra, 1781 MDA 2010, at 10-21**. Neither trial counsel or PCRA counsel can be deemed ineffective for failure to raise a meritless claim.

Further, Appellant cannot merely reframe a suppression issue to try to get around this hurdle, which he is now attempting to do by reframing it from another angle and claiming ineffective assistance of counsel for not challenging the court's application of the law to the facts. **Commonwealth v. Faulkner, 735 A.2d 67, 701 (Pa.1999); Commonwealth v. Laird, 726 A.2d 346, 359 (Pa.1999)**. The undersigned was the trier of fact in this bench trial and, as noted by the Superior Court, the law was properly applied to the facts as they were found by the court because it found support in the record that "Supervisor Switek observed Mr. Spencer from a lawful vantage point." **Wright, supra, 1781 MDA 2010, at 16**. As the anonymous tip was

5

sufficiently corroborated, entry into the apartment was proper under the law. **Commonwealth v. Jackson**, 698 A.2d 571, 575 (Pa. 1997) *citing* **Commonwealth v. Hawkins**, 692 A.2d 1068, 1070-1071 (Pa. 1997).

As for Appellant's other claims of ineffectiveness of trial and PCRA counsel, counsel cannot be held ineffective for failing to perform a futile act or raising a meritless claim. **Commonwealth v. Tilley**, 595 A.2d 575 (Pa.1991). Trial counsel did file an Omnibus PreTrial Motion for suppression. Once the court ruled on the motion, the suppression issue had been decided and it could not again be raised during the trial. Trial counsel also filed a Post Sentence Motion, preserving the suppression claim for the direct appeal. The court's actions on the suppression issue were fully reviewed by the Superior Court on the merits and, thus, were already litigated. PCRA counsel cannot be held ineffective for informing the Court through a "No Merit" letter that this issue lacked merit, because it did not have merit. This fact was determined by the highest court in which Appellant sought review.

For the foregoing reasons, we respectfully request that the Superior Court affirm the Order of June 11, 2014.

By the Court,

Linda K.M. Ludgate, S.J.

6