J-S52043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BUWLUS A. MUHAMMAD | |
| Appellant | No. 437 WDA 2015 |

Appeal from the PCRA Order of February 25, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0000232-2007

BEFORE:  SHOGAN, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED OCTOBER 15, 2015**

Buwlus Muhammad, *pro se*, appeals the February 25, 2015 order in which the court dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

A prior panel of this Court summarized the procedural history of this case as follows:

> In August 2007, [Muhammad] was sentenced to an aggregate term of 92 to 184 months of incarceration following convictions for, *inter alia*, aggravated assault and harassment[, which stemmed from an incident in which Muhammad injured three correctional officers at the Erie County jail.  Muhammad's] judgment of sentence was affirmed by this Court on December 31, 2008, and his petition for allowance of appeal was denied on September 30, 2009.  ***Commonwealth v. Muhammad***, 970 A.2d 474 (Pa. Super. 2008) (unpublished memorandum), *appeal denied* 980 A.2d 606 (Pa. 2009). [Muhammad] filed several PCRA petitions between 2009 and 2012, none of which resulted in relief.

On December 13, 2013, [Muhammad] filed [another PCRA petition]. Therein he alleged that prison officials involved in his case had "been exposed in a news article as corrupt and criminal individuals, and untrustworthy." PCRA Petition, 12/23/2013, at 3. On February 7, 2014, the PCRA court filed a [Pa.R.Crim.P.] 907 notice, expressing its determination that [Muhammad's] petition was filed untimely. [Muhammad] filed objections to the notice. The PCRA court dismissed [Muhammad's] petition by order of March 14, 2014. [Muhammad] timely filed a notice of appeal.

*Commonwealth v. Muhammad*, 599 WDA 2014, slip op. at 1-2 (Pa. Super. Oct. 7, 2014). On October 7, 2014, this Court affirmed the PCRA court, holding that Muhammad's petition was untimely. *Id.*

On January 22, 2015, Muhammad filed the PCRA petition at issue in this appeal. Muhammad based his request for relief upon newspaper articles that alleged that an assistant district attorney, Brian Krowicki, admitted to withholding evidence in a separate, unrelated case. Attorney Krowicki also was the assistant district attorney that prosecuted Muhammad's case. Muhammad alleges that these facts were unavailable at the time of trial because the articles were published between October and December 2014.

On January 28, 2015, the PCRA court filed an opinion and a notice of its intent to dismiss the petition without a hearing pursuant to Rule 907. On February 11, 2015, Muhammad filed a response to the Rule 907 notice. On February 25, 2015, the PCRA court dismissed Muhammad's petition.

On March 11, 2015, Muhammad filed a notice of appeal and a concise statement of errors complained of on appeal. On March 19, 2015, the PCRA

court filed an opinion pursuant to Pa.R.A.P. 1925(a) in which it adopted its January 28, 2015 opinion.

Muhammad raises the following issues in this appeal:

1. Whether the PCRA court's opinion and notice of intent to dismiss PCRA [petition] without a hearing, viod; [*sic*] for want of jurisdiction?

2. Whether the PCRA court erred when dismissing PCRA [petition] as not an exception pursuant to 42Pa.C.S.A.9545 (b)(2)(ii), (b)(1)(ii)(2) [*sic*]?

3. Whether the PCRA court erred when dismissing PCRA petition as meritless?

Muhammad's Brief at iv.

We begin with our standard of review of a challenge to a PCRA court's dismissal of a PCRA petition without a hearing:

> In reviewing the propriety of a PCRA court's order dismissing a PCRA petition, we are limited to determining whether the PCRA court's findings are supported by the record and whether the order in question is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Spencer**, 892 A.2d 840, 841 (Pa. Super. 2006) (citation omitted). Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008) (citing **Commonwealth v. Barbosa**, 819 A.2d 81 (Pa. Super. 2003)); Pa.R.Crim.P. 907(2). A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. **Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citation omitted).

*Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008) (citations modified).

Muhammad first contends that the PCRA court did not have jurisdiction to dismiss his PCRA petition because this Court had not yet remanded the record from Muhammad's prior appeal. Muhammad's Brief at 4-5.

In *Lark*, our Supreme Court held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). Here, we disposed of Muhammad's prior appeal on October 7, 2014. Muhammad then filed a petition for reargument, which was denied in this Court on December 22, 2014. Muhammad then had thirty days to file a petition for allowance of appeal. *See* Pa.R.A.P. 1113(a)(1). He did not do so and, when the time to do so expired on January 21, 2015, nothing precluded him from filing a new PCRA petition with the PCRA court. *See Lark*, *supra*. Muhammad's instant PCRA petition was filed on January 22, 2015. *Lark* does not mandate that the location of the actual physical record has any bearing whatsoever on a court's jurisdiction or the time limits to act. Therefore, the location of the certified record is immaterial, and the PCRA court had jurisdiction to consider the petition.

Muhammad next asserts that his petition was timely. It is well-established that the PCRA time limits are jurisdictional, and are meant to be

- 4 -

both mandatory and applied literally by Pennsylvania courts to all PCRA petitions, regardless of the potential merit of the claims asserted. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011). "[T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition." *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014).

In *Commonwealth v. Hernandez*, 79 A.3d 649 (Pa. Super. 2013), we discussed the PCRA's timeliness requirements, as follows:

> It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).

*Id.* at 651-52.

In his petition, Muhammad concedes that it is facially untimely, but asserts that the newly-discovered fact exception applies. *See* 42 Pa.C.S.A.

- 5 -

§ 9545(b)(1)(ii) ("[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."). Muhammad argues that the newspaper articles support a claim that Attorney Krowicki withheld an August 17, 2006 videotape in his case. PCRA Petition, 1/22/2015, at 3. Muhammad alleges that he requested the videotape at an April 24, 2007 pre-trial hearing, but Attorney Krowicki attested that there was no videotape. Muhammad further alleges that after providing proof that the incident in question was videotaped, Attorney Krowicki stated that the tape was lost. *Id.* at 4. Muhammad made additional charges of prosecutorial misconduct, none of which were newly discovered. Muhammed asserts that, had Attorney Krowicki's admission been known at the time of his pre-trial hearing, the trial judge would have ruled in favor of a suppression motion he filed.[1] *Id.* at 5-6.

In its Rule 907 notice, the PCRA court concluded that no court had found yet that Attorney Krowicki had ever intentionally withheld material evidence and that Muhammad had not demonstrated that he was unaware of any of the facts he plead, except for those in the newspaper articles. Opinion, 1/28/2015, at 1. Because the PCRA court determined that the

_____

[1] Muhammad sought to suppress the testimony of two of the injured correctional officers because a videotape of the incident was not produced in discovery.

information in the articles did not change any facts related to Muhammad's case, the PCRA court found that Muhammad had not proven that an exception to the PCRA time bar applied and indicated its intent to dismiss the PCRA as untimely. *Id.* at 1-2.

Regarding the newly-discovered fact exception, our Supreme Court has said:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence.*" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). However, the Court has also cautioned that:

> The focus of the exception is "on [the] newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004) (emphasis in original). In *Johnson,* this Court rejected the petitioner's argument that a witness's subsequent admission of alleged facts brought a claim within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand. Relying on *Johnson,* this Court more recently held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of exception (b)(1)(ii) because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim. *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1267 (Pa. 2008). Specifically, we held that the fact that the petitioner "discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)." *Id.* at 1269.

- 7 -

*Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (footnote omitted; citations modified).

*Commonwealth v. Lambert*, 57 A.3d 645 (Pa. Super. 2012), is instructive. In *Lambert*, we rejected a claim of newly discovered facts. *Id.* at 649-50. In that case, the appellant, who was serving a life sentence, came into contact with a former client of the attorney who prosecuted the case against the appellant. The former client provided the appellant with an affidavit in which the client alleged that the prosecutor admitted that he hid and altered evidence in the appellant's case. The appellant submitted the affidavit as a newly discovered fact, seeking to meet the exception to the PCRA time bar. *Id.* at 647.

Citing *Marshall*, we determined that the appellant had asserted claims that her conviction resulted from prosecutorial misconduct in her post-trial motions and in prior PCRA petitions. We concluded that, instead of offering newly discovered facts, the appellant merely was attempting to support her prior claims with a newly discovered source. *Id.* at 649. Therefore, the affidavit did not suffice to avoid the PCRA time bar. *Id.* at 649-50.

Similarly, Muhammad has repeatedly raised the claim that a videotape of the incident has been withheld. Muhammad raised allegations related to the videotape in his December 23, 2013 PCRA petition. In that petition, he alleged that the jail officials had withheld that tape, citing to newspaper

reports of misconduct by correctional officers at the jail.[2] Muhammad also raised the absence of the videotape in his October 28, 2009 PCRA petition, in his direct appeal, and in his post-sentence motions.

Now, Muhammad attempts to raise the same claim again based upon two newspaper articles related to Attorney Krowicki. The first article reports that, in July 2014, Attorney Krowicki told a judge, who presided in a case unrelated to Muhammad, that Attorney Krowicki withheld audio recordings of the victims. In the same article, of which pieces are missing in the copy that Muhammad appended to his petition, the district attorney asserted that the tapes were not material and that Attorney Krowicki had not intentionally withheld the tapes. The second article, which is mostly illegibly copied, reports on a hearing that yielded evidence that Attorney Krowicki did not intentionally withhold evidence, but was suffering from mental health issues when he made his admission to the trial judge.

First, it is unclear that these articles would even be relevant to Muhammad's case.[3] Unproven representations of misconduct that occurred

_____

[2] We rejected Muhammad's claim that the newly discovered facts exception permitted the untimely PCRA petition because the newspaper articles upon which he relied were available more than a year before he filed his petition. **Muhammad**, 599 WDA 2014, slip op. at 4.

[3] **See Commonwealth v. Lopez**, 51 A.3d 195, 197 (Pa. 2012) (J. Castille, concurring) ("The petition here is premised upon a more than far-fetched claim of "newly-discovered evidence" that does not even relate to the trial facts. . . . In my view, the "new" "facts" that appellant forwards have nothing whatsoever to do with trial counsel's representation of him, but
*(Footnote Continued Next Page)*

seven years after Muhammad's case would be tangentially related at best.[4]

For all practical purposes, Muhammad is attempting to use Attorney Krowicki's purported admission as proof that he withheld the videotape, a claim that repeatedly has been rejected. As in *Lambert*, these articles are merely a new source for Muhammad's old claims. *See also Commonwealth v. Abu-Jamal*, 833 A.2d 719, 726-27 (Pa. 2003) (holding that an affidavit from a court reporter who overhead the trial judge make a racist remark at the time of the trial did not constitute newly discovered facts when judicial bias had been "previously litigated" and the appellant would not be "permitted to resurrect it by asserting a new theory under the guise of" newly discovered facts).

Because Muhammad has only provided a new source for a prior claim, he has not met the newly-discovered fact exception to the PCRA time bar. Therefore, neither the PCRA court nor this Court has jurisdiction to reach the merits of Muhammad's claims and we do not reach his final issue on appeal.

Order affirmed.

_(Footnote Continued)_ ─────────

arise instead from mere speculation as to trial counsel's personal circumstances at the time of trial. As a matter of law, these "facts" cannot support a cognizable claim . . . .").

[4] *See Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014) (holding that, in a motion for a new trial, "[a newspaper] article contains allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation. Nothing in these allegations, even read in the broadest sense, can be described as "evidence," . . . .").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2015