J-S57035-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| NICHOLAS DEMATTEO, | : | |
| Appellant | : | No. 1741 EDA 2017 |

Appeal from the PCRA Order May 5, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0907481-1990

BEFORE:    PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 04, 2018**

Nicholas Dematteo[1] (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court provided the following procedural history.[2]

---

[1] Appellant is also known as Hernan Cortez.  PCRA Court Opinion, 8/8/2017, at 1.

[2] We rely on the PCRA court's summation of the facts and procedural history because Appellant failed to include in the certified record any trial or sentencing transcripts, or any materials pertaining to his first PCRA, two appeals to our Court, or his petitions for writs of *habeas corpus*.  **See Commonwealth v. Bongiorno**, 905 A.2d 998, 1000-01 (Pa. Super. 2006) ("[T]he ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts.").  **See also Commonwealth v. Kennedy**, 151 A.3d 1117, 1127 (Pa. Super. 2016) (finding claim waived where review of issue raised was dependent upon materials not included in the certified record).  However, the omission of these materials does not hinder our ultimate review.

*Retired Senior Judge assigned to the Superior Court.

[Appellant] and Adam Colon were arrested on July 14, 1990, for the murder of Martin Brill. The defendants opted for a bench trial and on January 7, 1992, [] both were convicted of second-degree murder, robbery, criminal conspiracy, and possessing an instrument of crime. [Appellant] was sentenced to life in prison on November 16, 1992. Post-verdict motions were filed on November 6, 1992, which were subsequently denied. [Appellant] filed a direct appeal to the Superior Court of Pennsylvania, who affirmed the trial court on July 19, 1993. [**Commonwealth v. Cortez**, 633 A.2d 1220 (Pa. Super. 1993) (unpublished memorandum)]. On May 26, 1994, the Pennsylvania Supreme Court denied [Appellant's petition for allowance of appeal]. [**Commonwealth v. Cortez**, 644 A.2d 1196 (Pa. 1994). Appellant *pro se* filed his first PCRA petition] on January 14, 1997. New counsel was appointed and on December 20, 1997, [Appellant] amended his petition. The PCRA court dismissed the petition on July 27, 1998. An appeal was filed on October 27, 1998, and the Superior Court again affirmed the lower court on July 27, 1999. [Appellant] filed a motion for permission to file a *nunc pro tunc* [petition for allowance of appeal] to the Pennsylvania Supreme Court, which was denied on June 7, 2000.

[Appellant] filed a state *habeas* petition on December 18, 2000, which was dismissed on February 22, 2001. On May 21, 2001, [Appellant] filed a federal *habeas* petition, which was amended on March 27, 2002, with the aid of counsel. The petition was subsequently denied by the Third Circuit Court of Appeals on June 4, 2004. [Appellant] then filed a petition for writ of *certiorari* to the Supreme Court of the United States, which was denied on December 6, 2004.

PCRA Court Opinion, 8/8/2017, at 1-2.

On March 23, 2012, Appellant, represented by counsel, filed a second PCRA petition, which is the petition at issue in this case. Therein, Appellant asserted his petition was timely filed pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), which provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise

of due diligence." PCRA Petition, 3/23/2012, at 10. Appellant's purported newly-discovered fact was that Victor Ruffin, an eyewitness who identified Appellant as Colon's accomplice to police and at trial, had lied about Appellant's involvement.

As alleged in Appellant's PCRA petition, on July 29, 2011, the Pennsylvania Innocence Project (the Project) interviewed Colon. Colon stated that Appellant was not present during the shooting, and that Colon committed the shooting by himself. Colon also relayed that in 1998 or 1999 he spoke to Ruffin on the telephone. During the phone call, Colon asked Ruffin why he identified Appellant as being involved in the shooting, and Ruffin responded that he did so because the police told him that Colon had named Appellant as the shooter. According to Colon, his wife and an individual with the street name of "Bronco" were present during this phone call. The Project determined that "Bronco" was an individual named Ricardo Morales. On January 26, 2012, the Project interviewed Morales, who stated that Ruffin told him in 1997 that Appellant had nothing to do with the shooting, and the police and district attorney made him testify. Shortly thereafter, Morales set up the aforementioned phone call between Colon and Ruffin. *See* PCRA Petition, 3/23/2012, at 6-7, 11-13. In support of his petition for relief, Appellant attached certifications from Colon and Morales. *Id.* at Exhibit F (Certification of Ricardo Morales); Exhibit G (Certification of Adam Colon).

On March 21, 2017,[3] the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The notice stated that the reasons for dismissal were because: (1) the "petition was untimely filed and no exceptions to the timeliness requirements appl[ied;]" (2) the issues raised were "without arguable merit[;]" and (3) the issues raised "ha[d] been previously litigated." Pa.R.Crim.P. 907 Notice, 3/21/2017. On May 5, 2017, the PCRA court dismissed Appellant's PCRA petition by amended order.[4]

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant presents two issues for our review.

---

[3] The docket indicates that a judicial reassignment and several continuances occurred in 2016, but otherwise the record provided offers no explanation for the five-year delay in reviewing Appellant's second PCRA petition. This lengthy delay is unacceptable. Our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." **Commonwealth v. Renchenski**, 52 A.3d 251, 260 (Pa. 2012) (citing **Commonwealth v. Porter**, 35 A.3d 4, 24–25 (Pa. 2012) ("[T]he court, not counsel, controls the scope, timing and pace of the proceedings below.")). Additionally, "post-conviction counsel must 'act expeditiously so as to reduce unnecessary delays and ensure the efficient administration of justice.'" **Id.** (citing **Commonwealth v. Sneed**, 45 A.3d 1096, 1104 n.11 (Pa. 2012)).

[4] The initial dismissal order, dated May 2, 2017, erroneously referenced a "no-merit" letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 297 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998) (*en banc*), though no such letter was filed by Appellant's counsel. The amended order omitted this reference.

[1] Whether the [PCRA c]ourt erred in dismissing [Appellant's] petition without holding an evidentiary hearing where he presented issues of material fact as to his diligence in uncovering new evidence of a material witness's recantation?

[2] Whether [Appellant's] argument that his credible claim of actual innocence acts as a gateway to overcome procedural bars allows the [PCRA c]ourt to decide his claims on the merits?

Appellant's Brief at 4 (introductory headings and trial court answers omitted).

We begin with our standard of review.

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

**Commonwealth v. Benner**, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

**Commonwealth v. Perry**, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). When

pursuing an otherwise untimely PCRA petition based on an exception to the time-bar, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Recognizing his petition was patently untimely, Appellant attempted to invoke the newly-discovered facts exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), as detailed above. *See* PCRA Petition, 3/23/2012, at 10. On appeal, Appellant argues that the PCRA court erred in denying his petition without a hearing because there was a question of material fact as to whether Appellant acted with due diligence in presenting his newly-discovered facts exception.[5] Appellant's Brief at 16, 19-25.

To qualify for the newly-discovered facts exception to the PCRA's time-bar, "a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." **Burton**, 158 A.3d at 629 (some citations omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained

---

[5] In explaining its rationale for finding that Appellant failed to invoke the newly-discovered facts exception, the PCRA court conflated the distinct requirements of the newly-discovered facts exception to the time-bar and the merits-based analysis for after-discovered evidence claims. PCRA Court Opinion, 8/8/2017, at 6-7. **See Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) (detailing the distinctions between those provisions). Although the PCRA court erred in this respect, we may affirm on any basis. **See Benner, supra**.

- 6 -

the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

Even assuming that Appellant satisfied the newly-discovered facts exception, Appellant failed to file his PCRA petition within 60 days of when it first could have been filed, as required by 42 Pa.C.S. § 9545(b)(2). Appellant asserts that his petition complied with subsection 9545(b)(2) because it was filed within 60 days of Morales's interview. PCRA Petition, 3/23/2012, at 10. However, based upon our review, Morales's interview is not the starting date for when Appellant first could have filed the petition. As detailed *supra*, prior to interviewing Morales, the Project interviewed Colon on July 26, 2011. During that interview, Colon stated that Appellant was not involved in the shooting and that Ruffin had implicated Appellant because he believed that Colon had told police that Appellant was the shooter. Thus, on or around July 26, 2011, Appellant became aware that Ruffin had acknowledged that his identification of Appellant was not truth-based. The subsequent interview of Morales merely corroborated Colon's phone call and added another source for Ruffin's acknowledgement that he had lied about Appellant's involvement. "The focus of the exception is on [the] newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Lambert***, 57 A.3d 645, 648–49 (Pa. Super. 2012) (citation omitted; emphasis in original)

Thus, for his petition to have been timely-filed, Appellant had to file his PCRA petition within 60 days of July 26, 2011, when he first learned of Ruffin's potential perjury. He did not. Accordingly, we find that the PCRA court did not err in dismissing his petition based on its untimeliness. ***See Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted) ("[W]hen a PCRA petition is … entitled to one of the [timeliness] exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims.")

Appellant next claims that his assertion of actual innocence should serve as a "'gateway' to present otherwise time-barred claims." Appellant's Brief at 25 (citing ***McQuiggin v. Perkins***, 569 U.S. 383 (2013)). Our Court has previously rejected a claim that ***McQuiggin*** allows petitioners asserting actual innocence to overcome the PCRA's timeliness requirements. Specifically, we held that "[w]hile ***McQuiggin*** represents a further development in federal *habeas corpus* law, … this change in federal law is irrelevant to the time restrictions of our PCRA." ***Commonwealth v. Brown***, 143 A.3d 418, 421 (Pa Super. 2016). Accordingly, the trial court did not err in rejecting Appellant's alternative approach to circumvent the PCRA's timeliness requirements.

Thus, we conclude that the PCRA court's dismissal of Appellant's PCRA petition was proper and, accordingly, affirm the PCRA court's May 5, 2017 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/4/18