**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Lisa Michelle LAMBERT, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 4, 2012.
Filed Nov. 5, 2012.

Lisa M. Lambert, appellant, pro se.

Andrew J. Gonzalez, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

BEFORE: MUSMANNO, OLSON, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:

Lisa Michelle Lambert (Appellant) appeals from the order entered February 22, 2012, dismissing her petition under the Post–Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541–9546. We affirm.

The United States Court of Appeals for the Third Circuit has previously summarized the factual and procedural history of this case:

> [Appellant] is currently serving a life sentence without the possibility of parole for first degree murder. Judge Lawrence Stengel of the Court of Common Pleas for Lancaster County, Pennsylvania imposed the sentence on [Appellant] after he found [Appellant] guilty at a bench trial held in July of 1992.
>
> [Appellant] initially appealed her conviction in the Pennsylvania state courts, which rejected her claims on direct appeal. She thereafter filed a petition for

> a writ of *habeas corpus* in federal district court. After holding a hearing over the course of three weeks, Judge Stewart Dalzell of the Eastern District of Pennsylvania found [Appellant] "actually innocent" and granted her petition. He specifically barred any retrial.
>
> [Appellant] was released into the custody of her attorneys on April 16, 1997, but her freedom was short-lived. Less than a year later, [the Third Circuit] vacated the District Court's judgment due to [Appellant's] failure to exhaust her available state court remedies, namely collateral review pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"). [Appellant] consequently returned to state court, where a PCRA Court (again Judge Stengel) held a six-week hearing and determined in a comprehensive opinion that relief under the PCRA was not warranted.
>
> After the Pennsylvania Superior Court affirmed the PCRA Court's decision, [Appellant] not surprisingly re-filed her federal *habeas* petition. Judge Dalzell held that the state courts' findings were null and void because they lacked jurisdiction to hear [Appellant's] PCRA petition. He then reinstated his findings from the 1997 *habeas* hearing and gave the parties a month to request additional testimony on topics that the Court had not addressed in 1997. In the meantime, the Commonwealth sought Judge Dalzell's recusal.
>
> Judge Dalzell eventually acquiesced to the Commonwealth's efforts at recusal, and the case was assigned to Judge Anita Brody of the Eastern District of Pennsylvania. Judge Brody dismissed [Appellant's] *habeas* petition after determining, contrary to Judge Dalzell's ruling, that the PCRA Court's findings

* Retired Senior Judge assigned to the Superior Court.

were not null and void and were entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

*Lambert v. Blackwell,* 387 F.3d 210, 217–18 (3rd Cir.2004).

On appeal, the Third Circuit reviewed Appellant's claims once again, and affirmed the dismissal of her *habeas* petition. *Id.* at 268. Appellant subsequently petitioned the United States Supreme Court for a writ of *certiorari,* which was denied on May 31, 2005. *Lambert v. Blackwell,* 544 U.S. 1063, 125 S.Ct. 2516, 161 L.Ed.2d 1114 (2005).

On June 28, 2011, Appellant filed a *pro se* PCRA petition. Appellant filed a Motion for Judge Madenspacher to Recuse Himself and/or Assign the Matter to a Judge in a County Outside of Lancaster on September 1, 2011. On September 12, 2011, Judge Madenspacher entered an order indicating that he had already recused himself, and that the assignment of the matter was made by Judge Louis Farina. The case was assigned to Judge Dennis Reinaker.

In her petition, Appellant alleges that she has been in contact with Warren Raffensberger ("Raffensberger"), a former client of John A. Kenneff ("Kenneff"), the prosecutor who handled Appellant's case in 1992. PCRA petition, 6/21/2011, at 1; Appellant's brief at 6. Contact with Appellant was apparently made by Raffensberger's friend, Joseph McMahon, who sent her a letter postmarked April 30, 2012. PCRA petition, 6/21/2011, at 4, Exhibits C–D. According to Raffensberger, Kenneff sent him a letter in 2007 in which he described the events leading up to Raffensberger's own conviction as "illegal," and confessed that the justice system in Lancaster County, Pennsylvania is "[c]orrupt." *Id.* at Exhibits A–B. Appellant attached a copy of the letter to her petition, as proof that her own conviction was "obtained through the use of false evidence and the employment of prosecutorial misconduct." *Id.* at 4, Exhibit A. She also provided a 4–page handwritten affidavit from Raffensberger, in which he alleges that Kenneff specifically confessed to hiding and altering evidence in order to convict Appellant wrongfully. *Id.* at Exhibit B.

■ On December 1, 2011, the PCRA court issued an opinion and notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant's petition was dismissed on February 22, 2012. Appellant then filed a timely notice of appeal.

To begin, we note that the standard of review for review of an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

As a threshold jurisdictional matter, however, the timeliness of the PCRA petition must be addressed. 42 Pa.C.S. § 9545(b) sets forth the time limitations for filing of a PCRA petition as follows:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

Petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

*Commonwealth v. Johnston,* 42 A.3d 1120, 1126 (Pa.Super.2012) (citations omitted).

The PCRA court found that Appellant's PCRA petition "is untimely as it was filed nearly 14 years after the one year time period for filing a PCRA petition, and no exception to the PCRA's timeliness requirement applies." Pa.R.Crim.P. 907 No-

tice and Order, 12/1/11, at 1 (unnumbered pages). We agree.

In the present case, Appellant's petition relies on the "newly-discovered evidence" exception found in 42 Pa.C.S. § 9545(b)(1)(ii).[1] Appellant's brief at 6. As our Supreme Court has explained:

Exception (b)(1)(ii) requires petitioner to allege and prove that there were *facts* that were unknown to him and that he could not have ascertained those *facts* by the exercise of due diligence. **The focus of the exception is on [the] newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts.** In [*Commonwealth v. Johnson,* 580 Pa. 594, 863 A.2d 423 (2004) ], this Court rejected the petitioner's argument that a witness's subsequent admission of alleged facts brought a claim within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand. Relying on *Johnson,* this Court more recently held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of exception (b)(1)(ii) **because the only new aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim.** Specifically, we held that the fact that the petitioner discovered yet another conduit for the same claim of

---

1. The PCRA court held that Appellant could not prevail on this claim because it rested on inadmissible hearsay—both the Kenneff letter and the Raffensberger affidavit. Pa.R.Crim.P. 907 Notice and Order, 12/1/11, at 4 (unnumbered pages). The court further held that the documents did not fall within the dying declaration exception to the hearsay rule, and no other exception could possibly apply. *Id.* at 2–4. Appellant asserts that the business record exception applies to the Kenneff letter, and that the declaration against penal interest exception applies to the Raffensberger affida-

vit. Appellant's brief at 19–29. Given our determination, *infra,* that the information relied upon by Appellant does not constitute newly discovered evidence, we need not decide if a hearsay exception applies. We may affirm on any applicable basis. *See Commonwealth v. Doty,* 48 A.3d 451, 456 (Pa.Super.2012) (affirming on alternate grounds the PCRA court's order dismissing the appellant's petition, notwithstanding this Court's conclusion that the PCRA court erred in finding that it lacked jurisdiction over Appellant's PCRA claims).

perjury does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii).

*Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 720 (2008) (quotation marks, footnote, and citations omitted) (emphasis added, italics in original).

■ Since her first post-trial motions, Appellant has alleged that her conviction was the result of prosecutorial misconduct. Defendant's Brief in Support of Post-trial Motions, 6/15/93, at 34. In fact, Appellant readily admits that "[t]hroughout nearly twenty years of appeals, [Appellant] has steadfastly maintained her innocence, stating in court documents repeatedly that corruption and prosecutorial misconduct were responsible for her conviction." PCRA petition, 6/21/2011, at 1. Here, Appellant is not arguing that she just recently discovered the fact that she was the victim of prosecutorial misconduct. Instead, she is attempting to support her many previous allegations of misconduct with a "newly willing source."

Appellant has been given the opportunity to offer extensive evidence in support of her allegations of prosecutorial misconduct, including the 73 witnesses and 478 exhibits presented at her PCRA hearing in 1998. *Commonwealth v. Lambert*, 1998 WL 558749, at *10 (Pa.Com.Pl. Aug. 24, 1998). "At the conclusion of the hearing, the court was asked to decide petitioner's claims of 157 allegations of prosecutorial misconduct, including 66 allegations of *Brady/Giglio*[2] violations, 72 allegations of after-discovered evidence, and 28 allegations of ineffective assistance of counsel." *Id.*

Appellant's allegations of prosecutorial wrongdoing have been reviewed and rejected by the previous PCRA court,[3] by this Court,[4] by the District Court for the Eastern District of Pennsylvania,[5] and by the Third Circuit.[6] Every specific allegation of prosecutorial misconduct contained in the Raffensberger affidavit has already been addressed, including: the significance of the earring and/or earring back found at the scene of the murder,[7] the plausibility of the victim's "dying declaration" that Appellant was her killer,[8] the alleged swapping of evidence, specifically a pair of black sweatpants,[9] and the allegation that Appellant was framed in order to cover up a rape by police officers.[10] In her most recent appeal prior to the instant case, the Third Circuit found that a "careful, dispassionate review of the entire record convincingly demonstrates that [Appellant's] trial was fair, constitutionally correct, and well-supported by the evidence." *Lambert*, 387 F.3d at 268.

Accordingly, neither Raffensberger's affidavit, nor the letter allegedly sent by

2. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Giglio v. U.S.*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

3. *See Lambert*, 1998 WL 558749, at *10.

4. *Commonwealth v. Lambert*, 78 MDA 1999, unpublished memorandum (Pa.Super. filed December 21, 2000); *Commonwealth v. Lambert*, 765 A.2d 306 (Pa.Super.2000).

5. *Lambert v. Blackwell*, 2003 WL 1718511 (E.D.Pa. Apr. 1, 2003).

6. *Lambert*, 387 F.3d at 210.

7. *Lambert*, 1998 WL 558749, at *104–06; *Lambert*, 765 A.2d at 353.

8. *Lambert*, 1998 WL 558749, at *40–48; *Lambert*, 78 MDA 1999, at 6–7; *Lambert*, 765 A.2d at 337–43; *Lambert*, 2003 WL 1718511, at *44–46; *Lambert*, 387 F.3d at 259–60.

9. *Lambert*, 1998 WL 558749, at *86–90; *Lambert*, 78 MDA 1999, at 5–6; *Lambert*, 765 A.2d at 327–30; *Lambert*, 2003 WL 1718511, at *36–37; *Lambert*, 387 F.3d at 242–47.

10. *Lambert*, 1998 WL 558749, at *54–56.

Kenneff, is sufficient to avoid the PCRA time bar. Because Appellant's petition has been determined to be untimely, and no exception has been pled and proven, the PCRA court properly dismissed Appellant's petition without a hearing. *Johnston*, 42 A.3d at 1126.[11]

Order affirmed.

**11.** We briefly address Appellant's assertion that her case should have been assigned to a judge outside of Lancaster County. Essentially, she is claiming that all of the judges in Lancaster County should have recused. No judge can disqualify another judge. Recusal is personal to each judge. *In re Bridgeport Fire Litigation*, 5 A.3d 1250, 1254 (Pa.Super.2010) ("It is presumed that the judge has the ability to determine whether he will be able to rule impartially and without prejudice, and his assessment is personal, unreviewable, and final."). Nor can a judge assign a case to a judge from another county. If all the judges in a county recuse, then the President Judge of the county must request that the Administrative Office of Pennsylvania Courts (AOPC) appoint a judge from another county. *See* Pa.R.J.A. 701(C)(1), (6), (E)(2). *See also, e.g., Weaver v. Martin*, 440 Pa.Super. 185, 655 A.2d 180 (1995) (a judge from the 41st Judicial District was assigned to preside over the appellant's case because all the judges in the 39th Judicial District recused themselves). That situation was not reached here, because Judge Reinaker did not recuse himself. We need not address whether he should have recused.

As noted above, an untimely PCRA presents a jurisdictional question, *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157, 1161 (2003). Because the PCRA court was without jurisdiction to hear Appellant's case, any question of recusal is moot.