J-S09027-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ROBERT KENNEDY | : | |
| | : | |
| Appellant | : | No. 1056 WDA 2018 |

Appeal from the PCRA Order Entered June 20, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000571-2001

BEFORE:   PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                     FILED MARCH 04, 2019

David Robert Kennedy appeals pro se from the order, entered in the Court of Common Pleas of Allegheny County, denying his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On November 21, 2005, a jury convicted Kennedy of first-degree murder, and the court immediately sentenced him to life imprisonment. This Court affirmed the judgment of sentence on February 26, 2007. See Commonwealth v. Kennedy, 924 A.2d 693 (Pa. Super. 2007) (unpublished memorandum). Kennedy filed four PCRA petitions in 2008, 2009, 2012, and 2014. The PCRA court denied relief in each case and our Court affirmed the denial of PCRA relief in the related collateral appeals. On February 12, 2018, Kennedy filed the instant "Notice of Appeal for Post Conviction Collateral Relief," which the trial court treated as Kennedy's fifth PCRA petition. On May

_____

* Retired Senior Judge assigned to the Superior Court.

17, 2018, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Kennedy's petition without a hearing, stating that the petition was time-barred, that Kennedy had not proven the he was entitled to a timeliness exception under the PCRA, and that Kennedy had the right to respond to the notice within 20 days.[1]  On June 20, 2018, the court dismissed Kennedy's petition.  Kennedy filed a timely notice of appeal.

On appeal, Kennedy raises five issues for our consideration:  (1) ineffectiveness of trial counsel; (2) Brady violations where the prosecution suppressed exculpatory information from witnesses; (3) Brady violations where the prosecution used false testimony and evidence at trial; (4) prejudicial closing argument by the prosecutor; and (5) the existence of "new evidence" that would have changed the outcome of trial.  Appellant's Brief, at 1 (rephrased for clarity).

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final.  See 42 Pa.C.S.A. § 9545(b)(3); see also Commonwealth v. Alcorn, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i),(ii), and (iii).  Where the petition alleges, and the petitioner proves, that an exception to the time

_____

[1] Kennedy misinterpreted the court's Rule 907 notice as an order dismissing his petition and filed a notice of appeal prematurely on June 3, 2018. However, he filed a timely notice of appeal within 30 days of the date of the court's order actually dismissing his petition.  Thus, this appeal is timely and properly before our Court.

- 2 -

for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. See Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." Id.; see also 42 Pa.C.S.A. § 9545(b)(2).[2] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. Commonwealth v. Robinson, 837 A.2d 1157 (Pa. 2003).

Instantly, Kennedy's judgment of sentence became final on March 31, 2009, after the time expired for him to file a petition for writ of certiorari with the United States Supreme Court. See 42 Pa.C.S. § 9545(b)(3); Sup. Ct R. 13. Thus, he had until March 31, 2010, to file the instant petition for it to be deemed timely. Kennedy's current petition, however, was not filed until February 12, 2018, almost eight years later. Accordingly, Kennedy's PCRA is patently untimely and he must plead and prove a timeliness exception in order for the court to consider its merits.

_____

[2] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. See Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

First, we note that Kennedy's claims of ineffective assistance of trial counsel do not fit within a PCRA section 9545(b)(1) exception. See Commonwealth v. Robinson, 139 A.3d 178 (Pa. 2016) (couching petitioner's claims in terms of ineffectiveness will not save otherwise untimely filed petition from PCRA time restrictions).

With regard to Kennedy's remaining claims, we note that in his "PCRA petition" he does not include the claims and he also does not plead a section 9545(b)(1) exception in his petition to overcome its untimeliness. See Notice of Appeal for Post-Conviction Relief, 2/16/18. Thus, we find them waived.

Order affirmed.[3]

_____

[3] However, even if Kennedy had properly preserved the claims, he would not be entitled to relief. We recognize that the Pennsylvania Supreme Court has explained that a Brady violation may fall within the governmental interference exception to the PCRA. In such cases, a petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. See 42 Pa.C.A. § 9545(b)(1)(ii). Kennedy fails to explain how the reports he identifies and attaches to his "petition" contain material information and does not allege that trial counsel requested the reports. Most critical, however, is the fact that Kennedy does not prove how the information could not have been obtained earlier with the exercise of due diligence, especially in light of the fact that Kennedy had access to his trial transcripts.

Kennedy next claims prosecutorial misconduct based on the prosecutor "exceed[ing] his authority during closing arguments through the use of inflammatory and prejudicial statements, descriptions, and evidence not found in the record[.]" Appellant's Brief, at 20. Kennedy fails to explain how this claim fits within a section 9545(b)(1) exception and how the claim could not have been presented sooner. Moreover, a prior panel of this court rejected the same claim that the prosecutor made prejudicial statements in closing arguments, amounting to prosecutorial misconduct. See Kennedy, No. 1012

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2019

_____

WDA 2014, at 6 ("Appellant does not attempt to satisfy the PCRA's 60-day due diligence requirement [and] fails to assert any reason why he could not have presented his claims at an earlier time."). See also Commonwealth v. Lambert, 57 A.3d 645 (Pa. Super. 2012) (defendant's claim of prosecutorial misconduct did not meet PCRA's "newly-discovered evidence" exception and overcome petition's untimeliness; defendant had raised claim in multiple prior proceedings).

Finally, Kennedy asserts that there is "newly discovered" evidence in the form of two witness reports that provide two license plate numbers that do not match his vehicle's license plate number. Again, Kennedy fails to explain how he could not have raised this claim sooner. Moreover, a close reading of his February 2014 PCRA petition shows that he raised this same issue cloaked in the governmental interference exception. PCRA Petition, 2/26/14, at 1-12. This Court dismissed the petition as time-barred and found that Kennedy did not prove a section 9454(b)(1) exception. We agree.