J-S35035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAURENN HARVIN, | : | |
| | : | |
| Appellant | : | No.  3140 EDA 2018 |

Appeal from the Order Dated September 14, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1107261-2004

BEFORE:  OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 10, 2019**

Laurenn Harvin (Appellant) appeals from the order dated September 14, 2018, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On October 7, 2005, a jury found Appellant guilty of attempted murder, aggravated assault, burglary, a violation of the Uniform Firearms Act, possession of an instrument of crime, and criminal conspiracy.

> Appellant's convictions arose from an incident that occurred on June 14, 2004.  At that time, Appellant, along with two co-conspirators, entered a residence in Philadelphia and demanded money from one of its occupants.  Before the occupant could respond to the demand, one of the attackers shot the occupant in his leg.  The noise from the gunshot awakened a second male occupant of the residence and he approached the bedroom of the shooting victim.  As the second occupant approached, Appellant

---

* Retired Senior Judge assigned to the Superior Court.

shot him four or five times. The second occupant eventually succeeded in stripping the gun away from Appellant; however, another assailant moved forward and shot the second occupant multiple times. At trial, both victims testified that they knew their attackers, including Appellant, from the neighborhood and both victims identified Appellant as one of the assailants in the attack.

*Commonwealth v. Harvin*, 64 A.3d 283 (Pa. Super. 2013) (unpublished memorandum at 2). On January 31, 2006, Appellant was sentenced to an aggregate term of 33 ½ to 67 years of incarceration. Appellant filed a direct appeal to this Court, and his judgment of sentence was affirmed on November 27, 2007. *Commonwealth v. Harvin*, 944 A.2d 793 (Pa. Super. 2007) (unpublished memorandum).

On May 23, 2008, Appellant filed his first *pro se* PCRA petition, and on June 12, 2009, Appellant's right to file a petition for allowance of appeal to our Supreme Court was reinstated. Appellant's petition for allowance of appeal was denied on November 24, 2009. *Commonwealth v. Harvin*, 983 A.2d 1247 (Pa. 2009).

Thereafter, on December 2, 2009, Appellant filed a supplemental counseled PCRA petition, alleging his trial counsel was ineffective in failing to call an alibi witness to testify at trial. The PCRA court dismissed the petition on April 18, 2011, and Appellant timely filed a notice of appeal with this Court. On January 23, 2013, this Court remanded the case for an evidentiary hearing to resolve "outstanding issues concerning competing factual contentions regarding the availability of Appellant's alibi witness at the time of trial." *Harvin*, 64 A.3d 283 (unpublished memorandum at 8). Following an

- 2 -

evidentiary hearing, the PCRA court dismissed Appellant's PCRA petition. This Court affirmed on appeal, **Commonwealth v. Harvin**, 106 A.3d 152 (Pa. Super. 2014) (unpublished memorandum), and our Supreme Court denied Appellant's petition for allowance of appeal on December 4, 2014, **Commonwealth v. Harvin**, 104 A.3d 524 (Pa. 2014).

On November 30, 2017, Appellant filed the instant counseled PCRA petition, claiming he met the newly-discovered facts exception to the PCRA's time bar set forth in 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"). PCRA Petition, 11/30/2017, at 7 (pagination supplied). Specifically, Appellant claimed that on October 4, 2017, he received a letter from a friend, Anwar Morris, wherein Morris explained that he ran into Marlo Robinson on the street and Robinson told Morris that Appellant was "not one of the guys [Robinson] saw that night." PCRA Petition, 11/30/2017, at 8 (pagination supplied). According to Appellant, at the time of the incident, Robinson lived in the house next door to where the June 14, 2004 incident occurred. **Id.** Appellant obtained an affidavit from Robinson. **Id.** at Attach. P1. According to Robinson's affidavit, Appellant was not present before, during, or after the crime on that date. **Id.** Her affidavit states that

- 3 -

she witnessed several individuals, all of whom she knew, hanging out next door just before the shooting. *Id.* Robinson avers that two of these individuals had a disagreement, some of them entered the house next door, and others "c[a]me running out [of the house next door] like they stole something [and] jumped into a black car" driven by another individual. *Id.* The affidavit states that none of the people Robinson witnessed that night was Appellant. *Id.* Robinson further states that one of these individuals texted her the morning after the shooting "saying you don't know nothing" and as a result, Robinson "got rid of the phone." *Id.*

The Commonwealth filed a response to this petition, arguing that the petition is "time-barred because [Appellant] does not explain why it took him thirteen years to discover that [] Robinson, who lived in the neighborhood, was a supposed witness." Commonwealth's Response, 5/29/2018, at 3.

The PCRA court dismissed the petition without a hearing on September 14, 2018.[1] Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[1] Neither the certified docket entries nor the record reveals that the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant waived this issue by failing to raise it on appeal. *Commonwealth v. Zeigler*, 148 A.3d 849, 851 n.2 (Pa. Super. 2016) (finding Zeigler's failure to raise on appeal PCRA court's failure to provide Rule 907 notice results in wavier of the claim, and stating that "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely.") (citation omitted). Further, we are unable to locate in the record the PCRA court's September 14, 2018 order dismissing the PCRA petition, but its entry appears on the docket. We note that correspondence from the lower court indicates that the record is located in federal court due

- 4 -

On appeal, Appellant contends the PCRA court erred by dismissing his petition as untimely filed. Appellant's Brief at 8-17. We review this issue mindful of the fact that "[t]he question of whether a [PCRA] petition is timely [filed] raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review [is] plenary." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016).

Because Appellant's judgment of sentence became final in 2010, his petition is facially untimely.[2] As discussed *supra*, Appellant attempted to plead the newly-discovered facts exception. PCRA Petition, 11/30/2017, at 7 (pagination supplied).

> The timeliness exception set forth in [subs]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his

_____

to Appellant's pending federal litigation. While the lower court indicated it requested a temporary return of the record, it does not appear that a supplemental record has been transmitted to this Court.

[2] Appellant's judgment of sentence became final after the expiration of time for seeking review of our Supreme Court's denial of his petition for allowance of appeal on November 24, 2009. ***See*** U.S. Sup. Ct. R. 13 (requiring petition for writ of *certiorari* to be filed within 90 days after entry of the order denying discretionary review by state court of last resort); 42 Pa.C.S. § 9545(b)(3) ("For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.") Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Thus, Appellant's PCRA petition filed on November 30, 2017, nearly eight years later, is facially untimely, and he was required to plead and prove an exception to the timeliness requirement.

- 5 -

own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

**Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). "Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (internal quotation marks omitted). Furthermore, Appellant had to file his petition within 60 days "of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

Instantly, the PCRA court concluded that Robinson "is merely a new witness [who] has come forward to testify regarding a previously raised claim, and thus does not qualify as a newly discovered fact…." PCRA Court Opinion, 12/10/2018, at 8. Further, the PCRA court determined that even if Robinson's "affidavit was enough to constitute a newly discovered fact, Appellant's claim would still fail because he has not established that he could not have learned those facts earlier by the exercise of due diligence." **Id.**

On appeal, Appellant conflates the newly-discovered facts exception to the PCRA time-bar with an after-discovered evidence claim. Appellant's Brief at 8 (stating Appellant's claims "are based on after[-]discovered evidence from

---

[3] This statute was amended, effective December 24, 2018, to provide that claims arising after December 24, 2017, were permitted to be filed within one year, rather than 60 days, of the date the claim could have been presented. Appellant filed his PCRA petition on November 30, 2017, which was prior to the effective date of the amendment.

- 6 -

a newly discovered witness"), 10 (citing case law outlining requirements to obtain relief on an after-discovered-evidence claim). We have explained the difference between the two as follows.

> The timeliness exception set forth at [subs]ection 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of after-discovered evidence. Rather, as an initial jurisdictional threshold, [subs]ection 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.[] § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia,* unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced).
>
> ***
>
> Thus, the "new facts" exception at [subs]ection 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.[4]
>
> _____
> [4] To obtain relief on a substantive after-discovered-evidence claim under the PCRA, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. The substantive merits-based analysis is more stringent than the analysis required by the "new facts" exception to establish jurisdiction.

**Brown**, 111 A.3d at 176-77 (quotation marks and some citations omitted).

Nonetheless, Appellant argues that Robinson's affidavit establishes the following new facts: that Robinson "was outside the house where the crime took place prior to, during and after the crime;" that she "could identify who was there and who was not;" that she "saw who went inside the house and who came out;" and that Robinson "had been threatened" when she received the text message saying "you don't know nothing." Appellant's Brief at 11-13. Appellant claims these "new facts" could have been used as evidence at trial to support his defense theory of witness misidentification, *i.e.*, by showing that the victims had perjured themselves at trial when they identified Appellant as present at the crime scene. *Id.* at 13.

However, Robinson's affidavit does not reflect newly discovered facts; instead, it constitutes a newly[-]discovered source of previously alleged facts, *i.e.* that Appellant was misidentified as being at the scene of the crime. **See Brown**, **supra**. According to Appellant, he "has consistently asserted that he was at his home with his live[-]in girlfriend … at the time of the crime." Appellant's Brief at 12. Appellant is not arguing that he just recently discovered the fact that he was not at the scene of the crime. Instead, he is attempting to support his previous allegation of witness misidentification with a "newly willing source." **See Commonwealth v. Lambert**, 57 A.3d 645, 649 (Pa. Super. 2012). The exception is not satisfied if "the only new aspect of the claim [is] that a new witness ha[s] come forward to testify regarding the previously raised claim." **Id.** at 648 (quoting **Commonwealth v.**

*Marshall*, 947 A.2d 714, 720 (Pa. 2008)). That Appellant "discovered yet another conduit for the same claim of perjury [and witness misidentification] does not transform his latest source into evidence falling within the ambit of [subsection] 9545(b)(1)(ii)." *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008). Accordingly, Appellant has failed to satisfy the newly-discovered fact requirement of subsection 9545(b)(1)(ii).

Even if Robinson's affidavit were to constitute a newly-discovered fact, Appellant has not demonstrated that he could not have learned of it earlier by the exercise of due diligence. "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa. Super. 2015). "A petitioner must explain why [he or] she could not have learned the new fact earlier with the exercise of due diligence." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017).

Here, Appellant claims that because police never interviewed Robinson, she was not listed in police neighborhood surveys, the Commonwealth did not identify her as a potential witness, she moved away shortly after the crime, and since Appellant was not at the crime scene, he had no way of knowing about Robinson's presence. *Id.* at 10-11, 16. He argues that reasonable diligence does not require him to "knock on all of the doors in the victim's [*sic*] neighborhood and ask each of the occupants if they were awake and witnessed

- 9 -

anyone standing outside in front of the victim's [*sic*] house at 4 am." *Id.* at 16-17.

The PCRA court offered the following analysis of Appellant's due-diligence efforts.

> Robinson lived next door to the house where the shooting took place. She is an obvious potential witness and source of information regarding the events of the night in question. Appellant provides no explanation as to why [] Robinson was not questioned at an earlier date other than to state that Appellant had no way of knowing that she had been home, much less outside that night. This statement is without merit because Appellant could have easily learned that information by interviewing [] Robinson at an earlier time. There is no indication that [] Robinson was unwilling or unable to talk to Appellant at an earlier date and relay the same information that she relayed in October 2017. The Superior Court made a similar determination in ***Commonwealth v. Johnson***, 945 A.2d 185 (Pa. Super. [] 2008). In ***Johnson***, [Johnson's] family posted flyers seeking witnesses of the shooting that [Johnson] was convicted of and a new witness came forward. *Id.* In holding that the new witness did not meet the requirements of the newly[-]discovered [facts] exception, the Superior Court stated the following:
>
>> Moreover, we question whether [Johnson] was duly diligent in locating Mr. Williams. [Johnson] indicates his family simply posted flyers in the neighborhood and Mr. Williams responded. With the exercise of such minimal effort, and without further explanation, it appears Mr. Williams could have been discovered well before 2005.
>
> *Id.* at 191. The lack of due diligence is even more stark in this case. Due diligence requires that Appellant take reasonable steps to advance his own self-interest. [***Commonwealth v.*]** ***Williams***, [35 A.3d 44, 53 (Pa. Super. 2011)]. This certainly at least required Appellant to ask the residents of the house next door to the shooting whether they had witnessed the incident. If Appellant had made such minimal effort, he could have learned of [] Robinson's claims at a much earlier date.

PCRA Court Opinion, 12/10/2018, at 8-9.

We agree with the PCRA court. While Appellant attempts to justify the 13 year delay in locating Robinson by claiming he did not know she existed, Appellant has not shown he made any effort at all to discover Robinson was a witness. Thus, Appellant has not pleaded any facts to support a contention that he acted with due diligence.

Based on the foregoing, we conclude that Appellant's PCRA petition was untimely filed and he did not satisfy an exception to the timeliness requirements. Thus, the PCRA court lacked jurisdiction to review his petition, and he is not entitled to relief. We therefore affirm the order dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/19

- 11 -