J-S05038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RENE ORTIZ | : | |
| | : | |
| Appellant | : | No. 3049 EDA 2019 |

Appeal from the PCRA Order Entered September 19, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0110564-1991

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 16, 2021**

Rene Ortiz appeals the order dismissing his Post Conviction Relief Act ("PCRA") petition for untimeliness. *See* 42 Pa.C.S.A. §§ 9541-9546. He argues his petition was timely under the new facts exception to the PCRA's time-bar. We affirm.

Ortiz was found guilty of second-degree murder, robbery, and conspiracy, and the trial court imposed the mandatory life sentence for second-degree murder in 1992. He and his associates were selling cocaine to the victim, Harry Cronce, when they decided to rob him. PCRA Ct. Op., 6/17/20, at 2. During the robbery, one of the other men, Hector Flores, fatally stabbed the victim with an ice pick. During the ensuing investigation, Ortiz made a statement to Detective John Rechner in which he admitted to acting as a lookout during the robbery. After he was charged for his participation in the killing, Ortiz filed a pre-trial motion to suppress the statement, claiming

in part that Detective Rechner had coerced it. Ortiz alleged physical and psychological coercion, inadequate *Miranda* warnings, lack of understanding of the warnings, denial of his right to counsel, and an involuntary waiver of his right to counsel and his right against self-incrimination. *See* Trial Court Opinion, filed 3/31/92, at 2-3. Following a hearing, the court denied the motion.

Following sentencing and the denial of post-verdict motions, Ortiz appealed, and this Court affirmed the judgment of sentence on March 16, 1993. He did not seek review in the Pennsylvania Supreme Court. Ortiz subsequently litigated two unsuccessful PCRA petitions, in 1994 and 2004.

Ortiz filed the instant petition, his third, *pro se* on August 23, 2012. He filed several petitions to amend, which the PCRA court appears to have treated as amended petitions, as well as documents captioned as amended and supplemental petitions. In his later filings, he was represented by counsel. None of these documents, however, explicitly attempts to plead the new facts exception to the PCRA's one-year filing requirement. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Only his February 25, 2016 *pro se* petition to amend makes an overt effort at pleading any time-bar exception, but the exception it references is not the new facts exception. Rather, it cites *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), and asserts the new constitutional right exception. *See* Petition to Amend Pursuant

to the Post Conviction Relief Act, filed 2/25/16, at 4 (citing 42 Pa.C.S.A. § 9545(b)(1)(iii)).[1]

Substantively, Ortiz asserted an after-discovered evidence claim. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi). He first raised the claim in his April 17, 2018, Motion for Leave to File the Within Supplemental Grounds for PCRA Relief ("Motion for Leave"). Ortiz alleged that in February 2018, he read a newspaper article about an unrelated civil case in which, according to Ortiz, a federal court determined that Philadelphia Police Detectives Manuel Santiago and Martin Devlin had engaged in abusive interrogation tactics that lead to a wrongful conviction. **See Wright v. City of Phila.**, 229 F.Supp.3d 322 (E.D. Pa. 2017) (denying motion to dismiss). Ortiz contended that Detectives Santiago and Devlin had been involved in his case as well, and argued that the complaint in **Wright** was proof that Detectives Devlin, Santiago, and Rechner had all used abusive tactics while interrogating him and his codefendants. Ortiz thereafter filed multiple supplemental pleadings to his PCRA petition arguing that he had recently obtained supporting affidavits—one signed by Ortiz, and another by a co-defendant, Joaquin Rodriguez, also alleging police coercion—and a copy of Flores's statement to the parole board, which Ortiz claims exonerated him of participating in the crime. Ortiz argued these documents were also after-discovered evidence.

_____

[1] The PCRA court rejected Ortiz's **Miller/Montgomery** claim because he was 18 years old at the time of the crime. Ortiz does not contest that ruling in this appeal.

- 3 -

Although Ortiz's Motion for Leave makes a substantive after-discovered evidence claim, it does not explicitly attempt to plead the new facts exception. Its only mention of time requirements is the assertion that Ortiz was making his after-discovered evidence claim "within 60 days of its discovery." Motion for Leave, filed 4/17/18, at 2 (unpaginated).

The PCRA court sent Ortiz a Pa.R.Crim.P. 907 notice in August 2019. Ortiz responded, attaching a Philadelphia Inquirer article dated June 6, 2018, about the *Wright* case. The article stated that new DNA evidence had exonerated Anthony Wright upon his retrial and indicated that Detectives Santiago and Devlin had coerced Wright to make a false statement. The article stated that the City of Philadelphia had settled Wright's civil case without an admission of liability.

The PCRA court dismissed the amended petition. Ortiz filed a motion to vacate the dismissal, this time attaching an October 2019 Philadelphia Inquirer article entitled, "Philly DA's Office reviewing murder convictions after claims of coerced confessions by now-retired detectives." Motion to Vacate Dismissal of PCRA Petition, 10/4/19, at Ex. A. The article stated prosecutors were investigating retired Detectives Devlin and Paul Worrell, and their involvement in yet another case, *Commonwealth v. Veasey*. The PCRA court dismissed Ortiz's petition as untimely and without merit.

Ortiz appealed. The court ordered Ortiz to file a statement of matters complained of on appeal. *See* Pa.R.A.P. 1925(b). Ortiz filed a statement, raising that the court erred in denying the petition without a hearing, given

- 4 -

the evidence of police misconduct in the cases of **Wright**, **Veasey**, and a third case, **Commonwealth v. Shaurn Thomas**, and given the evidence he proffered to support his after-acquired evidence claim.

Ortiz appealed, and raises the following issues:

1) Where [there is] new evidence of misconduct by the Philadelphia Homicide Detectives involved in [Ortiz's] case which was similar to that alleged in [Ortiz's] case; which occurred during the same time period when [Ortiz] was arrested; and which led to the grant of new trials in other cases where this misconduct was uncovered, did the lower court err in not holding a hearing to determine whether this misconduct met all the elements of a newly discovered evidence claim and should this Court remand the matter to the lower court?

2) Where there was more new evidence of misconduct, which led to the grant of new trials based on misconduct committed by the same detectives after [Ortiz] filed his appeal, does this provide further basis for the grant of a remand?

Ortiz's Br. at 2 (answers below omitted).

Ortiz improperly addresses both of his appellate issues in a single, undivided argument section in his appellate brief. This is contrary to Pa.R.A.P. 2119(a), which requires that the argument be "divided into as many parts as there are questions to be argued . . . ." We will not quash the appeal, despite the violation, as we believe we have been able to understand Ortiz's arguments. If we have misunderstood, Ortiz has waived what he allegedly intended to say.

We review the decision to deny PCRA relief to determine whether the decision "is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018)

(quoting *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018)). Where the PCRA court declined to hold an evidentiary hearing, we consider whether the petition presented any genuine issues of material fact that warranted a hearing. *Id.* We review the court's legal conclusions *de novo*. *Id.*

Ortiz argues his petition was timely under the newly discovered facts exception. He asserts that although a decision in the *Wright* civil suit was filed in January 2017,[2] and Ortiz did not present his after-discovered evidence claim until April 2018, counsel had not entered his appearance at the time of the *Wright* decision. Ortiz claims he did not inform counsel of the alleged police misconduct in his case until February 2018, and counsel filed an amended pleading within 60 days of learning of Ortiz's allegations of misconduct. Ortiz argues "the critical exculpatory material about, and patterns of misconduct of, Detectives Devlin and Santiago, while known by Rene Ortiz[,] was time-barred until the Anthony Wright case came to be known" and that "to seek to attribute this lack of due diligence to counsel who had no knowledge of a police misconduct claim until February, 2018, misrepresents the role of counsel at that point." Ortiz's Br. at 17-18.

Ortiz also argues he made timely amendments to his petition as the *Veasey* and *Thomas* cases, exposing similar police misconduct, became publicized. *Id.* at 19 n.6. Ortiz further contends that there has since been more evidence of the detectives' misconduct in the cases of *Commonwealth*

---

[2] *See Wright v. City of Philadelphia*, 229 F. Supp. 3d 322, 327 (E.D. Pa. 2017).

*v. Walter Ogrod*, and *Andrew Swainson v. Lawrence Mahally*, and that he discovered this evidence after he appealed. *Id.* at 10.

In addition, Ortiz argues that as he became aware of the other cases exposing misconduct, "it was then important to try to reinvestigate and obtain a statement from Rodriguez and also include Rene Ortiz's statement." *Id.* at 13. Ortiz asserts that he did not learn until Rodriguez's allegations against Detective Rechner until February 2019, after Ortiz's counsel contacted Rodriguez, and thus his presentation of Rodriguez's affidavit was timely. Finally, Ortiz argues the presentation of his claim based on Flores's statement to the parole board was timely, as the "statement was not known until after [Flores] was paroled." *Id.*

A PCRA court lacks jurisdiction to grant relief on an untimely PCRA petition. *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa.Super. 2020). Where the petition is not filed within one year of the date on which the judgment of sentence became final, the petitioner bears the burden of pleading and proving an exception to the one-year time limitation. *See* 42 Pa.C.S.A. § 9545(b)(1).

The new facts exception requires that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). A petition claiming the exception must be presented within one year of the date the claim could have been presented; claims arising prior to December

- 7 -

24, 2018, were required to be presented within 60 days. 42 Pa.C.S.A. § 9545(b)(2).

The new facts exception focuses "on newly-discovered facts, not on newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." **Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa.Super.), *appeal denied*, 242 A.3d 1290 (Pa. 2020). Therefore, a new source to corroborate previous allegations of police misconduct generally will not render a petition timely. **See Commonwealth v. Hill**, 202 A.3d 793, 799-800 (Pa.Super. 2019) (holding untimely PCRA claim based on newspaper article about civil judgment against detective for improper investigative techniques, where petitioner had previously made such allegations).

The trial court properly dismissed Ortiz's petition as untimely. Ortiz did not adequately plead the new facts exception in the PCRA court. Indeed, he did not explicitly plead the new facts exception. To the extent a substantive after-discovered evidence claim overlaps with the new facts exception, Ortiz's allegations are insufficient to meet the exception. He has not asserted facts that were unknown to him. The substance of his claim is that he was subject to police coercion that led him to sign a statement implicating himself in the subject crime. **See** Ortiz's Reply Br. at 7. But Ortiz made similar allegations in his pre-trial motion to suppress, in which he argued that the court should exclude his statement because he was subject to alleged physical and psychological coercion. He has thus been aware of the "facts" of consequence to his substantive claim since before his trial. He is not asserting new facts,

but rather new sources of evidence of old facts. **See Commonwealth v. Lambert**, 57 A.3d 645, 649 (Pa.Super. 2012) (finding PCRA petition untimely where petitioner offered a new witness to attest to prosecutorial misconduct and petitioner had previously asserted such misconduct).

Insofar as Ortiz asserts that his co-defendant, Rodriguez, experienced similar coercion, he has not explained why the coercion to which Ortiz was allegedly subject would not have reasonably caused him to believe that Rodriguez gave his statement under similar conditions, and pursued that question at the time of his motion to suppress. He thus has not carried his burden to plead that he could not have reasonably known earlier about alleged coercion of others. **Cf. Commonwealth v. Medina**, 92 A.3d 1210, 1218 (Pa.Super. 2014) (*en banc*) (PCRA petition timely where witnesses contacted petitioner and claimed that police detective coerced their statements, and petitioner previously had no reason to suspect the misconduct).

The PCRA court did not abuse its discretion in dismissing Ortiz's petition as untimely.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary


Date: *6/16/2021*