J-S04039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD B. SMITH | : | |
| | : | |
| Appellant | : | No. 1061 EDA 2023 |

Appeal from the PCRA Order Entered March 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1241201-1993

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED APRIL 23, 2024**

Ronald B. Smith ("Smith") appeals *pro se* from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 1992, Smith was arrested and charged in connection with the fatal shooting of William Jones, who was seated in the driver's seat of a vehicle at the time he was shot.  The matter proceeded to a non-jury trial at which two eyewitnesses testified that Smith shot Jones at close range through the passenger door of the vehicle.  On July 22, 1994, at the conclusion of trial, the trial court convicted Smith of first-degree murder and possession of an instrument of crime and sentenced him to life in prison.  This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on September 24, 1996.  ***See Commonwealth v. Smith***, 679 A.2d 258 (Pa.

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Super. 1996) (unpublished memorandum), *appeal denied*, 683 A.2d 881 (Pa. 1996). Smith did not seek further review in the United States Supreme Court.

Smith thereafter unsuccessfully filed several PCRA petitions. **See Commonwealth v. Smith**, 778 A.2d 1248 (Pa. Super. 2001) (unpublished memorandum) (affirming the denial of Smith's first PCRA petition);[2] **see also Commonwealth v. Smith**, 217 A.3d 407 (Pa. Super. 2019) (unpublished memorandum) (affirming the dismissal of Smith's third PCRA petition).[3]

On June 21, 2019, Smith filed the instant petition, his fourth. Therein, he averred that he recently discovered that a fellow prison inmate, Farran Haynes, witnessed the 1992 murder and attested in an attached affidavit that an unknown assailant was the actual shooter, rather than Smith. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Smith filed a response in opposition to the Rule 907 notice. On March 20, 2023, the PCRA court entered an order dismissing the petition as untimely filed. Smith filed a timely notice of appeal.[4]

Smith raises the following issues for our review:

_____

[2] Smith's second PCRA petition was dismissed in 2015; however, he did not appeal the dismissal of that petition.

[3] Smith attempted to file another petition while his third PCRA petition was pending on appeal; however, that petition was dismissed as premature. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding that a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition).

[4] The PCRA court did not order Smith to file a Pa.R.A.P. 1925(b) concise statement; nevertheless, Smith filed one of his own accord.

I.) Did the PCRA court err, and commit reversible error when [Smith] established that his new discovered [*sic*] facts claims was [*sic*] within the plain language of the timeliness exception set forth at 42 Pa.C.S.A. [§§] 9545(b)(1)(ii), 9545(b)(2), and section 9543(a)(2)(vi)?

II.) Is [Smith] entitled to a new trial, or a remand for an evidentiary hearing based upon the affidavit of Farran Haynes stating that he was a witness to the shooting death of Williams [*sic*] Jones?

III.) Did the PCRA court err, and commit reversible error when it dismissed [Smith's] petition without the benefit of appointing a [PCRA] counsel to amend, and perfect [Smith's] petition?

Smith's Brief at VI (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

This Court previously determined that Smith's judgment of sentence became final on December 23, 1996, when the period in which to file a timely petition for allowance of appeal with our Supreme Court expired. *See Smith*, 217 A.3d 407 (unpublished memorandum at *4); *see also* 42 Pa.C.S.A. § 9545(b)(3) (providing that a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review); U.S. Sup. Ct. R. 13 (stating appellant must file a petition for writ of *certiorari* with the United States Supreme Court within ninety days after entry of judgment by a state court of last resort). Smith had until December 23, 1997, to file the instant PCRA petition, but did not do so until June 21, 2019. Thus, Smith's petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). Any petition attempting to invoke one of these exceptions

must "be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2).

One of those statutory exceptions, the newly-discovered fact exception, excuses the untimeliness of a petition where the petition alleges, and the petitioner proves, that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). The due diligence inquiry required by section 9545(b)(1)(ii) is fact-sensitive and dependent upon the circumstances presented. *See Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Id*. at 1071. The focus of the exception found at section 9545(b)(1)(ii) is on newly-discovered facts, not on newly-discovered sources that corroborate previously known facts. *See Commonwealth v. Robinson*, 185 A.3d 1055, 1064 n.4 (Pa. Super. 2018) (*en banc*); *see also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (holding that appellant's discovery of another conduit for the same claim did not transform his latest source into evidence falling within the ambit of section 9545(b)(1)(ii)); *Commonwealth v. Lambert*, 57 A.3d 645, 649 (Pa. Super. 2012) (reiterating that the exception is not satisfied if the only

new aspect of the claim is that a new witness has come forward to testify regarding the previously raised claim).

In his first issue, Smith contends that the PCRA court erred by dismissing his petition as untimely filed. Smith concedes that his petition is facially untimely under the PCRA; however, he claims that he satisfied the newly-discovered fact exception provided by section 9545(b)(1)(ii) because he did not discover that Haynes witnessed the murder — and could attest that Smith was not the shooter — until June 26, 2018. Smith asserts that the instant petition, filed on June 21, 2019, was filed within one year of his June 26, 2018 discovery. Smith argues that he could not have discovered these new facts through the exercise of due diligence because he did not know Haynes and was unaware that Haynes witnessed the murder until June 26, 2018. According to Smith, whereas other Commonwealth witnesses testified that they saw Smith shoot Jones from the passenger door of the vehicle, Haynes' affidavit indicates that a tall, dark-skinned, bearded male shot Jones from the driver's side door of the vehicle. Smith claims that Haynes' attestations are consistent with the evidence presented at trial that Jones was shot in the left side of his head. Smith insists that, if a new trial were to be granted, Haynes' testimony would result in a different verdict.

The PCRA court considered Smith's first issue and determined that it lacked merit. The court explained:

> At the outset, the appended affidavit fails to provide any support to substantiate the alleged ["]facts["] underlying

[Smith's] claim. [Smith] has neglected to explain how an individual he never met, nor aware that existed, possessed the ability to recall [Smith]'s appearance nearly three decades prior, much less claim it was "impossible" for [Smith] to be the shooter. Such a notion without any elaboration or corroboration strains credulity. Hayne[s'] alleged observation and description of the "shooter" is neither conclusive nor compelling. [Smith] is simply basing his argument on inmate Haynes['] bald assertion.

Furthermore, [Smith]'s contention that this unidentified assailant was the "actual shooter" is not a previously-unknown ["]fact["] for purposes of subsection 9545(b)(1)(ii). To the contrary, the alleged new fact (*i.e.*, someone else committed the underlying murder) was already brought to this court's attention in a previous unsuccessful PCRA petition. It is well[-]settled, the focus of this exception "is on the newly[-]discovered facts, not on a newly[-]discovered or newly[-]willing source for previously known facts." [Smith]'s attempted use of inmate Haynes['] proffered testimony is just another conduit for a previously raised claim, which does not transform his latest source into evidence failing within the ambit of subsection 9545(b)(1)(ii).

PCRA Court Opinion, 3/20/23, at 1-3 (footnotes, unnecessary capitalization, and citations omitted).

Based on our review, we conclude that the PCRA court's ruling is supported by the record and is free of legal error. At his bench trial, Smith claimed that Shawn Parker, one of the two eyewitnesses to the shooting, falsely identified Smith as the shooter. *See Smith*, 217 A.3d 407 (unpublished memorandum at *7) (citing N.T., 7/21/94, at 355-98; N.T., 7/22/94, at 430). Smith cross-examined Parker regarding the veracity of his identification testimony, and presented a defense witness who contended that Parker, and not Smith, was the shooter. *Id*. In his third PCRA petition, Smith attempted to invoke the newly-discovered fact exception by claiming that he

had a three-way telephone conversation with Parker and Johnny Walls in 2017, wherein Parker acknowledged that he falsely identified Smith as the murderer. *Id*. (unpublished memorandum at *6). Smith attached an affidavit from Walls to his third petition detailing this purported conversation. *Id*. On appeal of the dismissal of Smith's third PCRA petition, this Court determined that Smith failed to prove that the alleged new "fact" (*i.e.*, that Parker was falsely inculpating him) was unknown to him nor undiscoverable through the exercise of due diligence. *Id*. (unpublished memorandum at **6-7).

In the instant petition, Smith attempted to invoke the newly-discovered fact exception by providing an affidavit from a new witness, Haynes, who attests (twenty-six years after the murder) that he witnessed the shooting, that someone else shot Jones, and that Smith was not the shooter. These are not new "facts." Rather, Haynes is merely a newly-discovered or newly-willing source for a previously raised claim (*i.e.*, that Smith was not the shooter and that someone else shot Jones). ***See Commonwealth v. Lopez***, 249 A.3d 993, 1000 (Pa. 2021) (citations omitted) (holding that a newly-identified source for a claim asserted in both a prior *habeas* petition and a prior PCRA petition was merely a new source for previously known facts); ***see also Abu-Jamal***, 941 A.2d at 1269; ***Lambert***, 57 A.3d at 649; Consequently, the record supports the PCRA court's determination that Smith failed to satisfy the newly-discovered fact exception provided by section 9545(b)(1)(ii).

In his second issue, Smith contends that the PCRA court abused its discretion by dismissing his petition without conducting an evidentiary hearing. The right to an evidentiary hearing on a post-conviction petition is not absolute. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014). Rather, it is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *Id*. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *Id*.

As Smith's fourth PCRA Petition was untimely filed and the record does not reflect that any genuine issues of fact remain that would entitle him to relief, we conclude that the PCRA court properly exercised its discretion in dismissing his petition without an evidentiary hearing. *Id*.

In his final issue, Smith contends that the PCRA court erred by dismissing his petition without appointing PCRA counsel to file an amended petition. A PCRA petitioner has a rule-based right to court-appointed counsel for the first PCRA petition. *See* Pa.R.Crim.P. 904(A). However, with respect to a second or subsequent PCRA petition, the PCRA court shall appoint counsel when the judge determines that an evidentiary hearing is required. Pa.R.Crim.P. 904(D); *see also* Comment (explaining that "counsel should be

appointed *only* if the judge determines that an evidentiary hearing is required").

As this is Smith's fourth PCRA petition, the PCRA court could *only* appoint Smith counsel if it determined that an evidentiary hearing was required. Thus, because Smith was not entitled to an evidentiary hearing, the PCRA court was not required to appoint Smith counsel.

Therefore, we affirm the PCRA court's order dismissing Smith's fourth PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2024