J-S13023-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES A. BELLON, | : | |
| | : | |
| Appellant | : | No. 1108 WDA 2018 |

Appeal from the PCRA Order Entered July 13, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001272-2002

BEFORE: BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          FILED FEBRUARY 18, 2020

Charles A. Bellon (Appellant) appeals pro se from the July 13, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

This Court previously provided the following summary of the lengthy procedural history of this case.

> On May 9, 2002, the Pennsylvania Office of Attorney General (OAG) filed a criminal complaint charging Appellant with 23 offenses, including: seventeen counts of possession with intent to deliver a controlled substance (PWID), two counts of corrupt organizations, and one count each of criminal conspiracy, criminal use of a communication facility, dealing in unlawful proceeds, and simple assault. Appellant's charges stemmed from his involvement in a large-scale drug dealing operation conducted throughout Blair County and several surrounding counties from 1997 through 2001.
>
> Appellant initially entered into a negotiated plea agreement whereby he pled guilty to seven counts of PWID in exchange for the Commonwealth's withdrawing all of the remaining charges

* Retired Senior Judge assigned to the Superior Court.

and recommending a sentence of 20 to 40 years' incarceration. However, prior to his sentencing hearing, Appellant filed a motion to withdraw his plea. The trial court denied that motion and sentenced Appellant to 20 to 32 years' incarceration. On appeal to our Court, we concluded that Appellant's presentence motion to withdraw his plea should have been granted. Accordingly, we reversed his judgment of sentence and remanded for trial. Commonwealth v. Bellon, 864 A.2d 574 (Pa. Super. 2004) (unpublished memorandum).

Upon remand, Appellant proceeded to a jury trial and, on August 7, 2006, he was convicted of eleven counts of PWID, two counts of corrupt organizations, and one count each of conspiracy, criminal use of a communication facility, and dealing in unlawful proceeds. On April 5, 2007, Appellant was sentenced to an aggregate term of 31 to 62 years' incarceration, followed by 10 years' probation. On April 18, 2011, this Court affirmed his judgment of sentence. Commonwealth v. Bellon, 29 A.3d 836 (Pa. Super. 2011) (unpublished memorandum).

Appellant filed a pro se PCRA petition on September 30, 2011. Counsel was appointed and filed an amended petition on Appellant's behalf. New counsel subsequently entered his appearance and was granted leave to file, and did file, two more amended petitions. After conducting an initial hearing to ascertain the precise issues Appellant was raising, the PCRA court conducted an evidentiary hearing on August 23, 2012. On August 26, 201[3], the court issued an order and a 72–page opinion denying Appellant's petition.

Commonwealth v. Bellon, 106 A.3d 154 (Pa. Super. 2014) (unpublished memorandum at 1-3).

Relevant to this appeal, Appellant argued in his first PCRA petition that the Commonwealth violated Brady[1] "by not disclosing that a plea agreement

---

[1] Brady v. Maryland, 373 U.S. 83 (1963). "Under Brady[] and subsequent decisional law, a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including
(Footnote Continued Next Page)

- 2 -

with witness [Charles] Haralson was much more significant than originally disclosed."[2]  Bellon, 106 A.3d 154 (unpublished memorandum at 15) (citation and internal quotation marks omitted).  On appeal, this Court found that issue waived and without merit, and affirmed the PCRA court's order.[3]

(Footnote Continued) ———————————
evidence of an impeachment nature."  Commonwealth v. Spotz, 47 A.3d 63, 84 (Pa. 2012).

[2] Haralson testified as a Commonwealth witness against Appellant at his jury trial.  At the evidentiary hearing on Appellant's first PCRA petition, Haralson stated "that in exchange for testifying at Appellant's trial, he received a reduced sentence on federal charges to which he subsequently pled guilty." Bellon, 106 A.3d 154 (unpublished memorandum at 15).  Specifically, Haralson testified that before trial, he was told by assistant district attorney (ADA) Jackie Bernard and OAG narcotics agent Randy Feathers that "whatever needed to be done was gonna be done to help [him] out."  N.T., 8/23/2012, at 6, 11.  Haralson's federal charges, however, were not filed until November 15, 2006, several months after Haralson testified at Appellant's trial.  Id. at 10.  ADA Bernard testified that she did not recall knowing about Haralson's yet-to-be-filed federal charges prior to Appellant's trial.  Id. at 104.  She did, however, testify that she provided information, after Appellant's trial, that Haralson had testified at Appellant's trial.  Id. at 103-04.  Agent Feathers testified that he never entered into any agreement with Haralson regarding his federal case.  Id. at 55-56.

[3] This Court found the issue waived because Appellant failed to establish when he learned of the purported deal "in order to satisfy his burden of proving that he could not have raised this claim on direct appeal."  Bellon, 106 A.3d 154 (unpublished memorandum at 18).  However, this Court also concluded that Appellant's Brady claim was meritless.

> Even if ADA Bernard and/or Agent Feathers suggested to []
> Haralson that they would make his cooperation in Appellant's
> case known in any future criminal proceedings, such a
> suggestion did not constitute an agreement or promise that had
> to be disclosed under Brady.  See Commonwealth v.
> Burkhardt, 833 A.2d 233, 243-44 (Pa. Super. 2003) (finding
> district attorney's (D.A.) indication "that truthful testimony and
> cooperation would be considered in future proceedings" was not
> required to be disclosed under Brady, as such a statement by

(Footnote Continued Next Page)

Id. (unpublished memorandum at 18-19, 31). Appellant filed a petition for allowance of appeal, which our Supreme Court denied. Commonwealth v. Bellon, 109 A.3d 677 (Pa. 2015).

Appellant pro se filed the instant PCRA petition, his second, on July 7, 2015, claiming his sentence was illegal based on the United States Supreme Court's holding in Alleyne.[4] Pro se PCRA Petition, 7/7/2015, at 4-10. Appellant asserted his petition was timely filed pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), which provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" Pro se PCRA Petition,

(Footnote Continued) ───────────

> the D.A. "falls far short of any promise of leniency and represents nothing more than the type of general response that D.A.'s have been uttering for decades"). Our conclusion in this regard is not negated by the fact that after Appellant's trial and prior to [] Haralson's federal sentencing hearing, ADAs Bernard and [Dave] Gorman answered honestly when asked by federal officials if [] Haralson had testified truthfully at Appellant's trial. See Commonwealth v. Russell, 665 A.2d 1239, 1244 (Pa. Super. 1995) (concluding that the fact that a homicide detective responded to inquiries by a federal prosecutor regarding a witness' cooperation in the appellant's case did not constitute an "agreement" that had to be disclosed by the Commonwealth). Accordingly, Appellant's Brady claim would fail even if it were not waived.

Bellon, 106 A.3d 154 (unpublished memorandum at 18-19).

[4] Alleyne v. United States, 570 U.S. 99 (2013) (holding that any fact which increases the mandatory minimum sentence for a crime is an element of that crime, and therefore must be submitted to a jury and proven beyond a reasonable doubt).

- 4 -

7/7/2015, at 3. Appellant did not, in that filing, state what he believed to be the newly-discovered fact.

The PCRA court appointed counsel, and counsel filed an amended petition on January 25, 2016. Therein, Appellant asserted that his petition was timely-filed pursuant to the newly-discovered facts exception and the governmental interference exception,[5] based upon an assertion that the "Commonwealth withheld favorable impeachment evidence" regarding an understanding with Haralson, in violation of Brady. Amended PCRA Petition, 1/25/2016, at ¶¶ 4, 6. In addition to Appellant's previously-asserted Alleyne claim, Appellant also raised a claim of prosecutorial misconduct based upon the purported Brady violation and an alleged illegal-sentencing claim pertaining to the imposition of fines. Id. at ¶¶ 8, 10.

Thereafter, Appellant pro se filed a motion to proceed pro se and an amended PCRA petition. Appellant subsequently decided that he wished to retain counsel and the motion to proceed pro se was withdrawn. In light of the various petitions filed by counsel and Appellant, the PCRA court ordered counsel to consolidate all claims within one, new, amended petition. Order, 4/28/2016. The PCRA court further ordered the Prothonotary's office not to accept any pro se filings from Appellant. Nonetheless, Appellant continued

---

[5] This exception provides that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(i).

to file pro se motions and amended petitions,[6] and again moved to proceed pro se. On August 22, 2016, the PCRA court held a hearing pursuant to Commonwealth v. Grazier, 713 A.2d 1 (Pa. 1998).[7] The PCRA court granted Appellant's motion to proceed pro se and permitted counsel to withdraw. Order, 8/25/2016.

On January 27, 2017, the PCRA court held a hearing on the timeliness of Appellant's PCRA petition. At the hearing, Appellant argued that the PCRA court had inherent jurisdiction to address his illegal sentencing claims. N.T., 1/27/2017, at 14-19, 29. Appellant also argued that his petition was timely filed pursuant to the governmental interference exception, id. at 31-54, and newly-discovered facts exception, id. at 54-55. According to Appellant, the newly-discovered facts were (1) a search warrant signed by ADA Gorman and an incident report from the Pennsylvania state police regarding the underlying conduct that would ultimately result in Haralson's federal charges, and (2) Haralson's federal sentencing transcripts.[8] Id. at 33.

---

[6] While these amended petitions and supplements were filed without leave of court and while Appellant was represented by counsel, the PCRA court ultimately accepted and considered them in disposing of Appellant's PCRA claims. See N.T., 1/27/2017, at 3-6.

[7] Because this was Appellant's second PCRA petition and Appellant therefore did not have a right to counsel, the Commonwealth argued that a Grazier hearing was unnecessary. N.T., 8/22/2016, at 2-3.

[8] Appellant sought this evidence after speaking to fellow inmate, George Bates, in November 2015. See N.T. 1/27/2017, at 52, 54; Pro se Amended Petition for PCRA Relief, 6/15/2016 (Affidavit of George Bates, 4/25/2016).

According to Appellant, this evidence established that the Commonwealth's witnesses knew about Haralson's federal case before trial and lied at the PCRA hearing on his initial Brady claim in 2012. Id. at 21, 33, 46.[9]

On July 13, 2018, the PCRA court dismissed Appellant's PCRA petition as untimely filed. Appellant pro se timely filed a notice of appeal.[10] On appeal, Appellant argues, inter alia, that the PCRA court erred in denying the instant PCRA petition as untimely filed. Appellant's Brief at 4. Because neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition, we must first determine whether Appellant has

---

[9] Appellant also argued that he was not required to prove due diligence as to his Brady claim, pursuant to Dennis v. Sec'y, Pennsylvania Dep't of Corr., 834 F.3d 263 (3rd Cir. 2016) (en banc).

> This Court [and our Supreme Court are] bound by decisions of the U.S. Supreme Court, not the opinions of the inferior federal courts. At the same time, it does not escape us that the Third Circuit's decision in Dennis was highly critical of [our Supreme] Court's treatment of certain aspects of federal precedent regarding Brady and its progeny. See, e.g., Dennis, 834 F.3d at 285 ("[T]he Pennsylvania Supreme Court's decisions … rested on unreasonable conclusions of fact and unreasonable applications of clearly established law[.]").

Commonwealth v. Natividad, 200 A.3d 11, 36 n.18 (Pa. 2019) (some citations omitted). As discussed infra, the PCRA court dismissed Appellant's PCRA petition, in part, because it found that Appellant did not establish due diligence. Because our holding is not based on a failure to prove due diligence, we do not address Dennis.

[10] The PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b), and none was filed. The PCRA court did not file a Pa.R.A.P. 1925(a) opinion, instead relying on the record, which includes the PCRA court's July 13, 2018 opinion dismissing Appellant's PCRA petition. See Letter, 8/17/2018.

timely filed his petition. Commonwealth v. Leggett, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (effective 1995-2018).[11]

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, on April 18, 2011, this Court affirmed Appellant's judgment of sentence on direct appeal. Because Appellant did not seek review before our Supreme Court, his judgment of sentence became final on May 18, 2011. See 42 Pa.C.S. § 9545(b)(3). Accordingly, Appellant had until May 18, 2012, to file a timely PCRA petition. Thus, Appellant's second PCRA petition, filed on July 7, 2015, was patently untimely.

---

[11] This subsection was recently amended, effective December 24, 2018, to extend the time for filing from 60 days of the date the claim could have been presented to one year. However, this amendment does not apply to Appellant's PCRA petition because it was filed prior to the amendment's effective date.

In his various amended petitions, Appellant attempted to invoke the governmental interference and newly-discovered facts exceptions to the PCRA's time-bar for his Brady claim. With regard to a Brady violation, "[t]he newly-discovered evidence exception requires that the facts upon which the Brady claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence." Commonwealth v. Hawkins, 953 A.2d 1248, 1253 (Pa. 2006). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." Commonwealth v. Monaco, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." Commonwealth v. Lambert, 57 A.3d 645, 648–49 (Pa. Super. 2012) (citation omitted; emphasis in original).

"Although a Brady violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence." Commonwealth v. Smith, 194 A.3d 126, 133 (Pa. Super. 2018) (citation and quotation marks omitted).

In dismissing Appellant's PCRA petition as untimely filed, the PCRA court found that Appellant was raising the same Brady claim in this PCRA petition that he raised in his first PCRA petition. PCRA Court Opinion, 7/13/2018, at 18-20. As such, the PCRA court perceived that Appellant was asking the court "to address an issue which has already been thoroughly litigated before th[e PCRA c]ourt and determined to be both waived and meritless, then reviewed by the Superior Court[,] which affirmed both findings." Id. at 21. After reviewing the evidentiary hearing testimony from Appellant's first PCRA petition, the PCRA court concluded that Appellant failed to prove due diligence because, as of that hearing in 2012, Appellant "already knew about everything there was to know as to the disposition of [Haralson's] case in the federal court. Clearly, it was before the [PCRA c]ourt in the first PCRA. We decided it. Yet, three years later we are back on the same issue again." Id. at 31.

Upon review, we conclude that Appellant has attempted, in the instant PCRA petition, to introduce new sources (1) to establish that there was some understanding between the Commonwealth and Haralson regarding his federal case, and (2) to impeach the Commonwealth witnesses who testified at his first PCRA hearing that they did not recall being aware of Haralson's federal case prior to Appellant's trial. As noted by the PCRA court, whether an understanding existed between Haralson and the Commonwealth was extensively litigated during Appellant's first PCRA. The very same

substantive Brady issue that Appellant raises now was ruled on by the PCRA court and affirmed by this Court. Accordingly, Appellant has failed to prove either the governmental interference or newly-discovered facts exception because Appellant already litigated this exact issue in his first PCRA petition, and it is well-established that a new source for the same information does not create a newly-discovered fact. See Lambert, supra. Information thoroughly explored and ruled upon in a prior PCRA petition cannot have been unknown to Appellant or hidden by the government. Appellant may have found a new source to support his overarching claim, but that claim has been thoroughly and previously litigated, and therefore cannot form the basis for overcoming the PCRA's time bar.

Based on the foregoing, Appellant's petition is patently untimely, and he has failed to plead and prove an exception to the PCRA's time-bar. Thus, we conclude that the PCRA court's dismissal of Appellant's PCRA petition was proper and, accordingly, affirm the PCRA court's order.[12] Because neither the PCRA court nor this Court has jurisdiction to consider the merits of claims raised in an untimely PCRA petition, we do not reach Appellant's remaining issues on appeal.

Order affirmed.

*Judge Ott did not participate in the consideration or decision of this case.

---

[12] See Commonwealth v. Wiley, 966 A.2d 1153, 1157 (Pa. Super. 2009) (citation omitted) (This Court "may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action[.]").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/18/2020</u>